Callahan WARE, Plaintiff-Appellee,

v.

Robert P. HEYNE, George W. Phend, Albert Calhoun, Joe Riggs, and Edward Richards, Defendants-Appellants.

No. 77–1880.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 24, 1978.

Decided April 5, 1978.*

* This appeal was originally decided by unreported order on April 5, 1978. See Circuit Rule 35. The court has subsequently decided to issue the decision as an opinion.

David L. Steiner, Deputy Atty. Gen., Indianapolis, Ind., for defendants-appellants.

Nile Stanton, Indianapolis, Ind., for plaintiff-appellee.

Before CUMMINGS, BAUER, Circuit Judges, and MARSHALL, District Judge.**

PER CURIAM.

This is an appeal from a civil action brought under 42 U.S.C. § 1983 by the Plaintiff-Appellee Ware against state correctional officials who allegedly denied Ware due process of law by not giving him advance written notice of the charge brought against him in a prison disciplinary proceeding. The district court, relying on *United States ex rel. Miller v. Twomey,* 479 F.2d 701 (7th Cir. 1973), entered judgment for plaintiff and awarded him $193 in damages, $1000 in attorney's fees, and an injunction directing the defendants to expunge the bad conduct report resulting from the disciplinary proceedings from plaintiff's prison record. Defendants-appellants contend here that the district court erred (1) in finding that plaintiff had suffered a "grievous loss" entitling him to due

process protection, (2) in giving "retroactive effect" to *Miller,* (3) in awarding damages against the defendants despite their good faith, and (4) in ordering that plaintiff's bad conduct report be expunged from his prison record.

For the reasons noted below, we affirm the district court's judgment.

### I.

In June 1973, prison officials confiscated $107 found in Ware's possession in violation of prison disciplinary rules. In July, Ware was called before the Conduct Adjustment Board of the Indiana Reformatory for violation of the rule against possession of contraband, and a Type "A" bad conduct report was entered on Ware's record after the hearing. Ware was not given written notice of the charge brought against him prior to the hearing, as required by this Court's decision in *United States ex rel. Miller v. Twomey,* 479 F.2d 701 (7th Cir. 1973), which was handed down about two months before the disciplinary proceeding.

The district court found as a fact that the effect of the bad conduct report issued by the Board was to render Ware ineligible for clemency or parole consideration for a period of one year and to adversely affect his chances for receiving clemency or parole thereafter. Accordingly, the court ruled that Ware had suffered a "grievous loss" to his liberty interest entitling him to due process protection. In addition, the court found as a fact (1) that there was no evidence indicating that the defendants were ignorant of the *Miller* decision handed down prior to Ware's disciplinary hearing, and (2) that, even prior to *Miller,* the defendants

> "knew, or reasonably should have known, that it was in disregard of plaintiff Ware's constitutional right to due process of law to not afford him advance written notice [of the charge] prior to subjecting him to a disciplinary hearing which could have, and did, cause the prisoner grievous loss."

** The Hon. Prentice H. Marshall, United States District Court for the Northern District of Illinois, is sitting by designation.

Based on those findings of fact, the district court entered judgment for plaintiff and awarded the relief described above.

## II.

Defendants' first contention on appeal here is that the district court erred in finding that Ware had suffered a "grievous loss" entitling him to due process protection at the disciplinary hearing. According to the defendants, the impact of the bad conduct report on Ware's chances for clemency or parole, apart from imposing some delay in his consideration for release, was "speculative at best." Moreover, defendants argue, the granting of clemency or parole is purely discretionary and, unlike the withdrawal of good time credits already received, *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), or the revocation of a parole already granted, *Morrisey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the potential diminishment of a prisoner's chances to obtain clemency or parole is not a "grievous loss" cognizable under the due process clause. We disagree.

■ First of all, the district court found as a fact that Ware's chances for parole or clemency would be adversely affected by the bad conduct report issued by the Conduct Adjustment Board. Though the defendants insist on characterizing the potential impact as "speculative," the district court's finding to the contrary is firmly supported by the overwhelming weight of the evidence and must be accepted as true here, as that finding is not clearly erroneous. Moreover, even assuming *arguendo* that the court's finding was unjustified by the evidence, defendants' "grievous loss" analysis completely misses the mark by focusing solely on the impact of the discipline that Ware actually received after the hearing rather than on the potential loss that Ware could have received. Ware was charged with a "Major A Violation," which subjected him to possible penalties that included loss of good time earned or to be earned, transfer to administrative segregation, transfer to medium segregation, or

transfer to maximum segregation. Indiana Reformatory, *Inmate Handbook* 32–33. Defendants' contention that the disciplinary hearing did not threaten Ware with a "grievous loss" and impairment of his liberty interest protected by the due process clause is specious.

## III.

■ Defendants contend next that the district court erred in giving "retroactive effect" to our *Miller* decision requiring that prisoners be afforded advance written notice of disciplinary charges brought against them. According to the defendants, because the *Miller* decision was not printed in West's advance sheets until September 3, 1973, it should not be applied to Ware's disciplinary hearing held on July 3, 1973, even though the decision was handed down on May 16, 1973. Any holding to the contrary, say the defendants, amounts to giving *Miller* retroactive effect in violation of our holding in *Chapman v. Kleindienst,* 507 F.2d 1246 (7th Cir. 1974), and other cases.

Defendants' argument is sheer nonsense. Even if the defendants were unaware of *Miller* at the time of Ware's disciplinary hearing, their ignorance of the law prevailing on a particular date would not render application of that law to them "retroactive" in any sense.

## IV.

Defendants next contend that the district court erred in awarding Ware $193 in monetary damages despite the fact that the defendants were acting in good faith and without knowledge that their failure to afford Ware written notice of the charge violated his constitutional rights under the due process clause.

■ There is no doubt that correctional officials are entitled to a qualified immunity from damage claims brought under § 1983 if they reasonably believed in good faith that their conduct was lawful, even though it was not. *Procunier v. Navarette,* —— U.S. ——, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978). This good faith defense, however, is

unavailable when the constitutional right in question was "clearly established" at the time of the challenged conduct and the defendants knew or should have known of the existence of the right and that their conduct violated that right. *Id.* at 860.

In this case, the right in question was unequivocally established nearly two months before Ware's disciplinary hearing, and the district court found as a fact that the defendants "knew, or reasonably should have known, that it was in disregard of plaintiff Ware's constitutional right to due process of law not to afford him advance written notice" of the charge brought against him at the hearing. That finding of fact is clearly supported by the evidence of record and disposes of defendants' contention on appeal, which, as a matter of fact, they are not even entitled to raise here because of their failure to even plead, let alone prove, this affirmative defense at trial.

### V.

Finally, defendants contend that the district court abused its discretion in ordering that Ware's bad conduct report be expunged from his prison record. According to the defendants, the bad conduct report had such a "speculative" effect on the plaintiff's opportunities for clemency or parole that the equitable powers of the court should not have been invoked.

[4] First of all, if the impact of the report is as negligible as defendants would have us believe what harm is there in having the report expunged? Second, the defendants' contention on appeal flies in the face of the district court's findings of fact, which are not clearly erroneous. We cannot agree that the district court abused its equitable discretion in ordering expungement of a bad conduct report obtained in violation of Ware's constitutional rights.

The district court's judgment is

AFFIRMED.