Larry McCALL–BEY, Plaintiff,

v.

Gale FRANZEN, et al., Defendants.

No. 80 C 4678.

United States District Court,
N.D. Illinois, E.D.

May 14, 1984.

David Youngerman, Kovar, Nelson & Brittain, Chicago, Ill., for plaintiff.

Neil F. Hartigan, Atty. Gen., State of Ill. by Theodore Karavidas, Asst. Atty. Gen., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BUA, District Judge.

This action is brought by Larry McCall-Bey against Michael Lane and six other Illinois Department of Corrections officials and employees pursuant to 42 U.S.C. § 1983. In this civil rights action, McCall-Bey alleges violations of his right to procedural and substantive due process as guaranteed by the fourteenth amendment to the United States Constitution and seeks injunctive and monetary relief. Jurisdiction is based on 28 U.S.C. § 1343. Before this Court is McCall-Bey's motion for summary judgment against Lane on Counts III and IV of the Second Amended Complaint and Lane's cross-motion for summary judgment on the same counts. For the reasons stated herein, McCall-Bey's motion for partial summary judgment on Count III is granted and Lane's cross motion for summary judgment is denied. Also, McCall-Bey's motion for summary judgment on Count IV is denied and Lane's cross motion for summary judgment on Count IV is granted.

## I.

McCall-Bey is currently an inmate at the Stateville Correctional Facility. He was an inmate at the Menard Correctional Facility at the time of the incidents alleged in the Second Amended Complaint. Lane was Warden of the Menard Correctional Facility at the time of the relevant incidents.

On June 23, 1977, McCall-Bey was accused of deviate sexual assault against another inmate. A third inmate had witnessed the assault and provided a statement to prison officials. This provided a basis for the statement of the witnessing officer. In addition, an investigation was conducted and an investigation report was prepared.

On July 14, 1977, the Adjustment Committee of the Menard Correctional Facility (the Committee) conducted a hearing regarding the alleged assault and found McCall-Bey guilty. The Committee prepared a summary of the hearing which stated the "basis for the decision/evidence relied upon" as the Committee's review of the charges, the ticket processed, the hearing held in compliance with A.R. 804, the statement of the witnessing officer, and the facts confirmed through the investigation report dated June 23, 1977. They then placed McCall-Bey on segregation status, reduced his grade to "C" and recommended that his job assignment be changed. On July 15, 1977, Lane approved the Committee's actions.

Count III of McCall-Bey's Second Amended Complaint is based upon the constitutional right to procedural due process under the fourteenth amendment. He alleges that the July 14, 1977 summary violated his constitutional rights because it provided neither the reasons for the disciplinary action taken nor a written statement by the factfinders as to the evidence relied upon by the Committee.

Count IV of the Second Amended Complaint is also based on the constitutional right to procedural due process under the fourteenth amendment. McCall-Bey alleges that the summary failed to meet administrative requirements and that such failure rises to the level of a constitutional due process violation. He claims Lane violated Illinois Department of Corrections Administrative Regulation 804(II)(B)(9) which requires that an inmate be given a written statement of the evidence relied upon by the Committee, the specific disciplinary action, and the reasons for the disciplinary action.

In an affidavit supporting his motion, McCall-Bey states that he was never given, and has not seen, a copy of the statement of the witnessing officer and that the witnessing officer did not testify at the July 14, 1977 Committee hearing. He also states that he was never given, and has not seen, a copy of the June 23, 1977 investigation report.

## II.

Under Fed.R.Civ.P. 56, a motion for summary judgment will be granted if the pleadings and evidentiary material show that there is no genuine issue regarding any material fact and that the movant is entitled to judgment as a matter of law. The burden is upon the moving party to show that there is no issue of material fact in dispute. *Rose v. Bridgeport Brass Co.,* 487 F.2d 804, 808 (7th Cir.1973). All doubts as to the existence of an issue of material fact must be resolved against the movant. *Moutoux v. Gulling Auto Electric, Inc.,* 295 F.2d 573, 577 (7th Cir.1961). McCall-Bey's motion and Lane's cross-motion will be evaluated according to these principles.

## III.

The protections of the due process clause are not lost when a person is incarcerated. Prisoners may not be deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell,* 418 U.S. 539, 556, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1973). Thus, in a prison disciplinary hearing, a prisoner must be provided with "advance written notice of the claimed violation and a written statement of the factfindings as to the evidence relied

upon and the reasons for the disciplinary action taken" in order to satisfy the minimum requirements of procedural due process. *Wolff,* 418 U.S. at 563, 94 S.Ct. at 2978. The reasons for these requirements are to protect an inmate from collateral consequences based on a misunderstanding of the original proceeding, to insure that administrators, faced with possible scrutiny by the public, state officials, and the court, will act fairly, and to prevent disadvantage to an inmate in propounding his own cause or defending himself from others. *Id.* at 565, 94 S.Ct. at 2979.

The contents of the summary are not in dispute. It merely states that the decision was based upon the ticket processed, the statement of the witnessing officer and facts confirmed through the June 23, 1977 investigation report. The facts contained in these documents, however, are not included in the summary.

The Seventh Circuit has held that written statements similar to the one given McCall-Bey violate due process. In *Hayes v. Walker,* 555 F.2d 625 (7th Cir.1977), the Court found unconstitutional a written statement that merely adopted the violation report and the report of a special investigator as the evidentiary basis for its findings. Similarly, in *Chavis v. Rowe,* 643 F.2d 1281, 1287 (7th Cir.1981), a written statement that simply said that the inmate's statement was considered by the Committee but that the reporting officer's charges were accepted, was held to violate the inmate's due process rights. The statement made no mention of what the reporting officer relied on or why the reporting officer should be believed rather than the inmate.

 In this case, the written statement contained in the summary is clearly unconstitutional. The summary merely referred to the statement of the witnessing officer and the facts confirmed through the investigation report. The Committee failed to point out the essential facts upon which inferences were based. No reason is given for why the reports were found to be more credible than the denials of McCall-Bey. Such a general finding does not ensure that

prison officials will act fairly or that McCall-Bey will be protected from collateral consequences based on misunderstandings, the very reasons for the written statement. *See Chavis v. Rowe,* 643 F.2d at 1287, and *Hayes v. Walker,* 555 F.2d at 633. Thus, the summary violates McCall-Bey's due process rights.

 In his brief, Lane contends that the summary was constitutionally sufficient in light of institutional security needs. It has been recognized that personal and institutional safety needs may justify the exclusion of evidence from a constitutionally required written statement. *Wolff,* 418 U.S. at 565, 94 S.Ct. at 2979. However, the fact of such omission should be included in the statement. *Id.* In the case at bar, this fact was not provided.

Lane's claims regarding institutional safety are not contained in the record. No mention of security needs is made in the summary, in the statement of the witnessing officer, or in the investigation report. Lane did not submit an affidavit supporting his motion. Thus, even if a valid security need did exist, the summary should include mention of the security need and the fact of omission of evidence.

Lane also contends that he is entitled to immunity. In his brief, Lane claims that he acted in good faith and therefore is immune from money damages liability under 42 U.S.C. § 1983.

The Supreme Court has recognized a qualified good faith immunity for state prison officials acting within the scope of their official duties when money damages are sought for violations under 42 U.S.C. § 1983. *Procunier v. Navarette,* 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978). The test for immunity in *Procunier* contained a subjective and objective prong. The subjective prong had been considered by some courts to be a question of fact; an issue to be resolved at trial. Thus, the issue of an official's subjective good faith could prevent granting of a motion for summary judgment.

In *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), the Supreme Court eliminated the subjective prong of the immunity test. Now, the standard to be applied by the court is only objective. The Court set out the procedure for determining whether an official is entitled to immunity:

> On summary judgment, the judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred. If the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to "know" that the law forbade conduct not previously identified as unlawful. Until this threshold immunity question is resolved, discovery should not be allowed. If the law was clearly established; the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct. Nevertheless, if the official pleading the defense claims extraordinary circumstances and can prove that he neither knew nor should have known of the relevant legal standard, the defense should be sustained. But again, the defense would turn primarily on objective factors.

*Harlow*, 457 U.S. at 819, 102 S.Ct. at 2739 (footnote omitted).[1]

■ In the case at bar, the currently applicable law is set out in *Wolff v. McDonnell*, noted above. This law was in effect at the time of McCall-Bey's disciplinary hearing and at the time Lane approved the Committee's actions. *Wolff* was decided in 1974, while the Committee conducted McCall-Bey's disciplinary hearing on July 14, 1977 and Lane approved the Committee's actions on July 15, 1977. The Seventh Circuit applied the *Wolff* standard in several cases decided prior to the Committee's hearing regarding McCall-Bey. *See e.g.*, *Hayes v. Walker*, 555 F.2d 625 (7th Cir. 1977), *United States ex rel. Richerson v. Wolff*, 525 F.2d 797 (7th Cir.1975); *Aikens v. Lash*, 514 F.2d 55 (7th Cir.1975).

In addition, the Illinois Department of Corrections issued regulations in response to *Wolff*. *See Hayes v. Thompson*, 637 F.2d 483, 491 (7th Cir.1980). One of these regulations is Administrative Regulation 804 (A.R. 804) which was effective June 18, 1976. A.R. 804 was in effect at the time McCall-Bey's disciplinary hearing was held. Moreover, the Committee cited A.R. 804 in its Summary, stating the hearing was held in compliance with A.R. 804. Thus it appears that the law was clearly established on the date of the Committee's and Lane's actions. Since Lane has not pleaded any extraordinary circumstances or submitted an affidavit detailing extraordinary circumstances, the objective standard applies. A reasonably competent prison official should have known the law governing disciplinary hearings and due process requirements. Therefore, Lane is not entitled to qualified immunity and may be liable for money damages under 42 U.S.C. § 1983.

## IV

In regard to Count III of the Second Amended Complaint, this Court finds that McCall-Bey's constitutional right to due process was violated by Lane and that Lane can be liable for monetary damages. The amount of money damages, if any, must be determined at a hearing, and will be considered with the remainder of this case.

■ McCall-Bey also requests that records and documents relating to his discipline be expunged. The Seventh Circuit has expunged violations from an inmate's records when a violation was established

---

1. While the fact situation in *Harlow* dealt specifically with the immunity available to senior aides and advisors of the President, the Court specifically noted that "it would be 'untenable to draw a distinction for purposes of immunity law between suits brought against state officials under § 1983 and suits brought directly under the Constitution against federal official.'" *Harlow v. Fitzgerald*, 457 U.S. 800, 818 fn. 30, 102 S.Ct. 2727, 2739 fn. 30, 73 L.Ed.2d 396 (1982), *quoting Butz v. Economou*, 438 U.S. 478, 504, 98 S.Ct. 2894, 2909, 57 L.Ed.2d 895 (1978).

contrary to due process guarantees. *See Hayes v. Thompson,* 637 F.2d 483 (7th Cir. 1980); *Ware v. Heyne,* 575 F.2d 593 (7th Cir.1978). However, violations resulting in harmless error do not require expunction. *Hayes,* 637 F.2d at 493.

■ In the case at bar, the unconstitutional conduct of Lane justifies expunction of the guilty finding from McCall-Bey's prison records. Given the adverse collateral consequences to plaintiff, the Court cannot find that the constitutional violation was harmless error. Thus, McCall-Bey's prison records should be expunged of the guilty finding and any adverse collateral consequences on the record should be neutralized by expunction, explanation or other appropriate means.

### V.

Both McCall-Bey and Lane seek summary judgment on Count IV of the Second Amended Complaint. Count IV is identical to Count III except that Count IV alleges a constitutional violation by Lane stemming from the failure to follow Illinois Department of Corrections Administrative Regulation 804(II)(B)(9). The basis for recovery in both counts is the deprivation of McCall-Bey's right to procedural due process under the fourteenth amendment.

■ Count IV is duplicative of Count III. The same basis for recovery exists in both Counts. The conduct alleged in both counts, failure to provide an adequate statement of reasons for disciplinary action, is the same. In fact, as McCall-Bey admits in his brief, A.R. 804 was enacted to implement *Wolff.* A.R. 804(II)(B)(9) requires a written statement, complying with *Wolff,* to be provided to an inmate at disciplinary hearings. While state regulations can create liberty interests, *Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983), A.R. 804(II)(B)(9) does not seem to create a liberty interest different from the one recognized in *Wolff.* Thus, regarding constitutional violations, Count IV adds nothing to Count III. *See Harris v. McDonald,* 532 F.Supp. 36, 40 (N.D.Ill.1982). This bars recovery by McCall-Bey and justifies summary judgment for Lane on Count IV of the Second Amended Complaint.

### CONCLUSION

For the reasons set out herein, McCall-Bey's motion for partial summary judgment on Count III of the Second Amended Complaint is granted and Lane's cross-motion for summary judgment on Count III is denied. The prison records of McCall-Bey shall be expunged of the disciplinary action and any collateral consequences of the disciplinary action shall be neutralized. A hearing shall be held regarding defendant Lane's liability monetary damages, if any. This issue will be considered at the trial of the remaining Counts in this case.

For the reasons set out herein, McCall-Bey's motion for summary judgment on Count IV of the Second Amended Complaint is *denied* and Lane's cross-motion for summary judgment on Count IV is granted.

IT IS SO ORDERED.