5 F.3d 548
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Andrew WALKER, Plaintiff-Appellant,
v.
Richard EDGELL; Eddie Geouge; and United States of
America, Defendants-Appellees.
 No. 93-3166.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 20, 1993.
Sept. 23, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Walker, a federal inmate, appeals the dismissal of his civil action against prison officials.
 
 
 3
 The trial court denied Mr. Walker permission to appeal in forma pauperis finding the appeal to be legally frivolous and not taken in good faith. Mr. Walker makes a colorable argument to this court and we therefore grant permission to proceed in forma pauperis.
 
 
 4
 Mr. Walker is a pro se litigant. The fundamental thrust of his complaint is that he was found "guilty" at a prison disciplinary hearing and as a result suffered the loss of ninety-four days of good-time credits. Mr. Walker argues that the disciplinary hearing was fundamentally flawed for a variety of reasons including: (1) the lack of a scientific analysis of the evidence against him; (2) insufficiency of the evidence; (3) the defendants' concern only with protecting Mr. Walker's procedural rights resulting in their failure to concern themselves with the factual evidence; (4) the defendants' failure to investigate his claims; (5) the denial of Mr. Walker's right to confront and cross-examine his accusers due to the charging officer's failure to testify; (6) the use of confidential information, which was not disclosed to Mr. Walker; and (7) the lack of eyewitnesses to the incident resulting in a miscarriage of justice. He is asking for $70,000 in damages and a declaratory judgment.
 
 
 5
 Defendants filed a record of the disciplinary hearing and moved to dismiss. The district court described the record as follows:
 
 
 6
 Plaintiff is a federal inmate currently housed at the United States Penitentiary, Marion, Illinois. The events in question took place during plaintiff's incarceration at the United States Penitentiary, Leavenworth, Kansas ("Leavenworth"). Plaintiff alleges his due process rights were violated during administrative disciplinary proceedings and seeks declaratory judgment, damages, lost wages, reinstatement of forfeited good time credits, and costs.
 
 
 7
 On December 16, 1988, an inmate at Leavenworth was assaulted in his cell. The assault was discovered immediately after its commission, and prison authorities began a search of the cellblock and an investigation of the incident. The initial search disclosed evidence in plaintiff's cell which linked him to the assault, and he and his cellmate were placed in administrative segregation while the cell was thoroughly searched. As a result of the search, a disciplinary incident report was prepared charging plaintiff with assault. Plaintiff received a copy of the report, was advised of his rights, and was given the opportunity to present a statement during the investigation. After the investigation, the matter was referred to the Unit Discipline Committee ("UDC") for initial review. That committee, in turn, referred the matter to the Discipline Hearing Officer ("DHO") for further consideration due to the nature of the charges.
 
 
 8
 The hearing before the DHO was conducted on December 27, 1988. At the hearing, plaintiff was assisted by a staff representative, and he was permitted to present the testimony of his cellmate, who was not charged in the assault. After considering the evidence and testimony, the DHO found plaintiff guilty of the assault. This decision was based on the report of blood-stained shoes and socks confiscated from plaintiff shortly after the assault, blood-stained clothing found with plaintiff's lot number in it, a piece of sharpened metal found in a boot belonging to plaintiff, and pieces of broken wood found in plaintiff's cell. There was also information before the DHO that showed blood was found inside the door of plaintiff's cell.
 
 
 9
 The district court granted the motion to dismiss finding that Mr. Walker received advance notice of the charges against him; was given the opportunity to present evidence; and received a statement of the reasons for the decision, as required by Wolff v. McDonnell, 418 U.S. 539 (1974). The district court held: (1) there is evidence in the record to support the disciplinary board's finding; (2) Mr. Walker had no right to confront the charging officer as the officer's knowledge was adequately reflected in the record, see 28 C.F.R. 541.17(c); and (3) the confidential information did not serve as a basis for the disciplinary decision.
 
 
 10
 Mr. Walker appeals this decision quoting much law that is inapposite to the case.
 
 
 11
 Mr. Walker fails to appreciate that a court's review of a disciplinary prison hearing, even when it results in a loss of good time and administrative segregation, is quite limited. The Supreme Court in Wolff instructed that an inmate has no constitutional right to confront and cross-examine witnesses just as they have no right to counsel. All that Due Process requires for a prison disciplinary hearing is advance written notice of the charges, the right to call witnesses and present evidence if doing so does not jeopardize institutional safety or correction goals, and a written statement of the evidence relied on and the reasons for the disciplinary action. Once an inmate receives this Due Process, the Supreme Court has instructed in Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445 (1985), that the findings of the prison disciplinary board need only be supported by "some evidence in the record."
 
 
 12
 The record confirms the fact that the prison authorities in fact extended to Mr. Walker his Due Process as enunciated in Wolff.
 
 
 13
 The record further confirms that the disciplinary hearing is supported by some evidence. Mr. Walker should realize that the "some evidence" standard does not require proof with certainty, proof beyond a reasonable doubt or even proof by a preponderance of the evidence. All that is required is "some evidence" exist to support the outcome of the disciplinary hearing.
 
 
 14
 We do wish to comment upon the procedures followed by the district court. Defendants supplemented the record by filing the administrative record, and Mr. Walker responded thereto with legal arguments including an assertion of ineffective assistance by his staff representative, perjury of witnesses, etc. However, Mr. Walker did not controvert the accuracy of the record itself. When district courts rely upon factual materials, care should be exercised to assure the case is properly converted to a motion for summary judgment with its attendant procedural safeguards. It may have been error for the district court to grant a motion to dismiss by going outside the complaint. However, in the case before us we cannot say it was plain error requiring reversal.
 
 
 15
 The judgment appealed is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3