**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 29, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHRISTOPHER E. LONGSTRETH,

Petitioner - Appellant,

v.

ERIC FRANKLIN, Warden,

Respondent - Appellee.

No. 07-6026

(W. D. Oklahoma)

(D.C. No. 05-CV-1364-C)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Christopher Longstreth, a state prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the denial by the United States District Court for the Western District of Oklahoma of his application for relief under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2253(c)(1) (requiring COA); *Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005) (COA required to appeal denial of state prisoner's § 2241 application). We deny a COA and dismiss the appeal.

On August 23, 2004, prison officer Steven Tucker filed a misconduct report that he had found "two metal sharpened instruments, one drill bit and one set of metal clippers" while conducting an inventory of Mr. Longstreth's property before Mr. Longstreth was to be transferred to another facility. R. Doc. 23 Ex. 5 at 1 (Resp'ts' Answer to Pet. for Writ of Habeas Corpus with Br. in Supp.,

Apr. 21, 2005).  According to the report, Mr. Longstreth explained to the investigating officer: "I was a barber, these were part of the barber tools.  They were in a barber box satchel.  Officer Tucker didn't find those items, Of[ficer] Clark did.  They were not found in my property.  These same officers were the same ones involved in an assault and battery on me." *Id*. at 2.  The investigation report notified Mr. Longstreth that a hearing on the matter would be held on September 9, 2004.

At the hearing Mr. Longstreth offered several documents pertaining to grievances he had filed against Officer Tucker for allegedly assaulting him.  He argued that the hearing officer should consider those documents to impeach Tucker's report.  The hearing officer stated that he had considered the documents but had determined that they were not relevant to the proceeding and did not impact Tucker's credibility because they were merely Mr. Longstreth's account of the alleged assault.  The hearing officer, relying on the incident report and Mr. Longstreth's admission that he had access to those types of tools, found him guilty and imposed a punishment of 30 days' disciplinary segregation, loss of 365 days of earned-time credits, and demotion to classification level 1 for 90 days.

Mr. Longstreth sought a due-process review from the director of the Department of Corrections, whose designee found that there was sufficient evidence to support the finding, that the punishment was within the allowable sanctions for his offense, and that disciplinary procedures had been followed.

Mr. Longstreth's § 2241 application alleged that he had been denied due process in a prison disciplinary hearing because (1) there was no credible evidence to support the finding of guilt; (2) there was no evidence to support the credibility of the reporting officer; (3) the hearing officer failed to consider evidence of the reporting officer's retaliatory motive; (4) prison authorities failed to investigate evidence of retaliation and a set-up; (5) the hearing officer was biased; and (6) the punishment imposed exceeded that allowed. The district court, adopting the magistrate judge's report and recommendation, denied his application and denied a COA. It held that (1) the reporting officer's incident report was sufficient evidence to support the finding of guilt; (2) the hearing officer could believe the reporting officer without corroborating evidence; (3) the hearing officer read and considered the documents that Mr. Longstreth offered into evidence; (4) the hearing officer considered evidence relating to the alleged set-up and no further investigation was required; and (5) there was insufficient evidence that the hearing officer was biased. As for Mr. Longstreth's claim that his penalty was excessive, the court held (6) that the punishment did not violate the ex post facto clause because the penalty for his disciplinary infraction had been established before he committed the infraction, and (7) that even if the punishment involved an atypical and significant hardship, such hardship could be imposed when, as in this case, he had received due process. The district court also held that Mr. Longstreth had not stated a claim for retaliation in his opening

-3-

brief, and that assuming such a claim could be found in his reply brief, it was raised too late.

Before this court Mr. Longstreth appears to be asserting four claims: (1) that the evidence relied on by the hearing officer was insufficient to establish guilt, in part because he had challenged the credibility of the reporting officer yet the authorities had failed to investigate his claim that the reporting officer had a retaliatory motive; (2) that the district court erred in finding that there was "some evidence" to support the finding of guilt without conducting an evidentiary hearing to assess credibility; (3) that the district court erred in ruling that he had failed to state a claim of retaliation because he had argued in his brief that the reporting officer falsified evidence against him after he had filed grievances against the reporting officer; and (4) that the punishment imposed by the disciplinary hearing committee constituted an atypical and significant hardship.

## I.   DISCUSSION

A COA will issue only if Mr. Longstreth makes "a substantial showing of the denial of a constitutional right." § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that

the district court's resolution of the constitutional claim was either "debatable or wrong." *Id*.

A prisoner's due-process rights are limited. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The minimum requirements of procedural due process in a prison disciplinary proceeding are that the inmate receive "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *see Wolff*, 418 U.S. at 563–66. There must also be "some evidence in the record" supporting the findings of the prison disciplinary board. *Hill*, 472 U.S. at 454. This is all the process that is required. *See Shakur v. Selsky*, 391 F.3d 106, 119 (2d Cir. 2004) ("the *only* process due an inmate is that minimal process guaranteed by the Constitution, as outlined in *Wolff*."); *Piggie v. Cotton*, 342 F.3d 660, 662 (7th Cir. 2003) (only process due prisoner in disciplinary hearing is advance written notice of the charges, opportunity to present evidence to impartial decision-maker, and written explanation for discipline supported by "some evidence."); *Brown v. Rios*, 196 Fed. App'x 681, 683 (10th Cir. 2006)

(same); *Walker v. Edgell*, 5 F.3d 548, *2 (10th Cir. 1993) (unpublished table decision) (same). "Ascertaining whether [the some-evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56. A disciplinary board's decision can be upheld by a reviewing court "even if the evidence supporting the decision is meager." *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996) (internal quotation marks omitted).

Mr. Longstreth's first claim fails because the incident report was "some evidence." *See Hill*, 472 U.S. at 455–56. Although Mr. Longstreth concedes that an incident report is generally adequate, he argues that when an inmate contests the credibility of the report, "prison disciplinary committee personnel <u>must</u> corroborate the disciplinary report with credible material facts." Application for COA at 10. For support he relies on *McCall-Bey v. Franzen*, 585 F.Supp. 1295 (N.D. Ill. 1984), in which the summary report of the defendant's hearing did not set forth the facts relied on for a finding of guilt. *See id*. at 1298. This failure, according to that district court, violated the prisoner's right to due process. *See id*. *McCall-Bey* provides no support for Mr. Longstreth's contention that corroborating evidence is necessary when the prisoner raises a credibility challenge, nor are we aware of any other support for that proposition. *McCall-*

*Bey* is also distinguishable because the facts relied on for finding Mr. Longstreth guilty were set forth in the hearing officer's report.

Likewise, we reject Mr. Longstreth's second contention because the district court was not required to conduct an evidentiary hearing to determine the reporting officer's credibility. *See Hill*, 472 U.S. at 455 ("Ascertaining whether [the some-evidence] standard is satisfied does not require . . . independent assessment of the credibility of witnesses."). His third contention—that the district court failed to consider his claim of retaliation—amounts to a restatement of his first two contentions. He appears to be suggesting that his evidence of retaliation requires abandonment of the some-evidence standard and an evidentiary hearing in district court. But we know of no authority suggesting such a requirement, which would fly in the face of the Supreme Court's opinion in *Hill*.

Mr. Longstreth's fourth claim is that the punishment imposed constituted an atypical and significant hardship. The district court properly rejected the claim because Mr. Longstreth received due process, so such hardship can be imposed. *See Wilkinson v. Austin*, 545 U.S. 209, 224–25 (2005) (placement in super-max prison created atypical and significant hardship but was permissible because preplacement procedure satisfied due process).

## II.     CONCLUSION

The district court's resolution of the issues raised in Mr. Longstreth's application was neither debatable nor wrong.  Because Mr. Longstreth has failed to make a substantial showing of the denial of a constitutional right, we DENY a COA and DISMISS the appeal.  We GRANT Mr. Longstreth's motion to proceed *in forma pauperis* but DENY his "Request for Judicial Notice" regarding documents he allegedly submitted to the disciplinary hearing officer.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge