**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

FIDEL ENRIQUE RUELAS,

　　　　Petitioner-Appellant,

v.

J.C. ZUERCHER, Warden,

　　　　Respondent-Appellee.

No. 07-1140
(D.C. No. 06-cv-2541-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

---

Petitioner Fidel Enrique Ruelas, a federal inmate proceeding pro se, appeals

the district court's denial of his petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241. After a hearing, Petitioner was found guilty of aiding the assault

of another inmate. The discipline hearing officer ("DHO") sanctioned Petitioner

by stripping him of forty-one days of good-time credits and ninety days of

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

After examining the briefs and the appellate record, this three-judge panel
has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

commissary, telephone, and visiting privileges as well as by imposing sixty days of disciplinary segregation.

Petitioner filed a habeas petition with the district court seeking expungement of the incident reports and restoration of his good-time credits and commissary, telephone, and visiting privileges. He asserted that the disciplinary proceedings violated his due process rights because there was a lack of evidence supporting the disciplinary conviction. Attached to his habeas petition were two separate incident reports. The first detailed Petitioner's physical assault of the victim while the second detailed his aiding of that assault. Also attached to the petition was the DHO's report, which detailed the specific evidence on which the DHO relied in finding Petitioner guilty of the charged offense. The district court dismissed Petitioner's habeas petition after quoting from the first incident report and the DHO's report.

On appeal, Petitioner argues that the district court erred by relying on the first incident report because it "was subsequently thrown out and rewritten." (Pet'r's Br. at 2.) As a result, Petitioner contends that there is no evidence of his involvement in aiding an assault "[u]nless guilt by association can constitute some evidence." (*Id.*)

We review de novo the district court's denial of Petitioner's § 2241 petition. *Grossman v. Bruce*, 447 F.3d 801, 804 (10th Cir. 2006). Prisoners possess a liberty interest in their statutorily-provided good-time credits. *See*

-2-

*Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *see also Brown v. Smith*, 828 F.2d 1493, 1494 (10th Cir. 1987). Consequently, they cannot be deprived of those credits without due process. *Id.* But "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. An inmate facing a disciplinary proceeding must receive, *inter alia*, "a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). Due process in the prison disciplinary context demands only that there be "some evidence" to support the hearing officer's decision. *Id.* at 455. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56. The decision can be upheld even if the evidence supporting the decision is "meager." *Id.* at 457.

Regardless of which incident report the district court elected to quote from, the district court expressly relied upon the DHO report, which clearly reflects that the DHO's decision was based on the second incident report. The DHO determined that Petitioner was "involved in the assault" on the victim and recorded the evidence supporting that conclusion. (Doc. 3 at 9.) As the district

court correctly determined, that report alone constitutes "some evidence" of Petitioner's guilt. Accordingly, Petitioner's assertion that he was denied due process is without merit.

We therefore **AFFIRM** the district court's dismissal of Petitioner's request for § 2241 relief. We **GRANT** Petitioner's request to proceed *in forma pauperis*.

Entered for the Court


Monroe G. McKay
Circuit Judge