**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 3, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

Q. ILI-YAAS FARRAKHAN-
MUHAMMAD, a/k/a Christopher
Mitchell, a/k/a Q lli-Yaas Haakeem
Farrakhan-Muhammad, a/k/a C. Eli-Jah
Hakeem Muhammad, a/k/a Elijah Hakeem
Muhammad, a/k/a Caliph lli-Yas Az-
Hakeem Muhammad,

      Petitioner - Appellant,

v.

JOHN OLIVER, ADX-Warden,

      Respondent - Appellee.

No. 16-1445
(D.C. No. 1:15-CV-02222-PAB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH** and **BALDOCK**, Circuit Judges.[**]
_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] The Honorable Neil Gorsuch was assigned to this matter originally but did not participate in this Order & Judgment. The practice of this Court permits the remaining two panel judges, if in agreement, to act as a quorum in resolving the appeal. *See* 28 U.S.C. § 46(d); *see also United States v. Wiles*, 106 F.3d 1516, 1516 n.* (10th Cir. 1997) (noting that this court allows remaining panel judges to act as a quorum to resolve an appeal). The remaining panel members have acted as a quorum with respect to this order and judgment.

After examining the briefs and appellate record, the remaining panel members have determined that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Q. Ili-Yaas Farrakhan-Muhammad, a federal inmate proceeding pro se, brought this petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging violations of his constitutional due process rights in connection with prison disciplinary proceedings. During those proceedings, the Disciplinary Hearing Officer (DHO) found him guilty of assaulting another inmate by throwing an unknown clear liquid at that inmate. The DHO sanctioned Petitioner with 27 days' loss of good conduct time, 30 days' disciplinary segregation, and 60 days' loss of commissary and telephone privileges. Petitioner alleges that prison officials violated his due process rights because (1) the notice of the disciplinary charge was inadequate and untimely; (2) the Unit Discipline Committee (UDC) hearing was untimely; (3) his staff representation was ineffective; (4) the DHO was biased; and (5) the evidence against him was insufficient. He requested that the district court expunge his disciplinary conviction and restore his good time credits. Petitioner also seeks to proceed on appeal in forma pauperis (IFP). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's order denying Petitioner's 28 U.S.C. § 2241 application and further deny Petitioner's IFP motion.

"When reviewing the denial of a habeas petition under § 2241, we review the district court's legal conclusions de novo and accept its factual findings unless clearly erroneous." *al-Marri v. Davis*, 714 F.3d 1183, 1186 (10th Cir. 2013). Before a prison disciplinary hearing may result in the loss of good time credits, an inmate must receive "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present

2

documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 563–567 (1974)). Additionally, to comport with due process, some evidence must support the decision and the decisionmaker must be impartial. *Gwinn v. Awmiller*, 354 F.3d 1211, 1219 (10th Cir. 2004).

After reviewing the record, we conclude that the district court correctly held that Petitioner received all the process to which he was entitled. The district court ably explained the basis for rejecting each of Petitioner's arguments, and we need not go into great detail here. In short, prison regulations are meant to guide correctional officials, not to confer rights on inmates. *Sandin v. Conner*, 515 U.S. 472, 481–82 (1995). The minor deviations from Bureau of Prison regulations regarding when Petitioner received the incident report and when the UDC hearing occurred did not violate the Constitution. *See Brennan v. United States*, 646 F. App'x 662, 667 (10th Cir. 2016) (unpublished) (rejecting the petitioner's argument that the BOP's failure to provide an inmate with an incident report within 24 hours of the incident violated due process), *cert. denied sub nom. Brannan v. United States* (2017); *Brown v. Rios*, 196 F. App'x 681, 683 (10th Cir. 2006) (unpublished) (noting that the Due Process Clause does not require a UDC hearing, and thus the petitioner received more process than the Due Process Clause guaranteed when he received the "constitutionally unnecessary UDC hearing," even if that hearing occurred later than regulations required). Next, inmates do not have "a right to either retained or appointed counsel

in disciplinary hearings," *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976) (quoting *Wolff*, 418 U.S. at 570), and we see nothing to support Petitioner's argument that his assistance was ineffective. As to Petitioner's fourth argument, Petitioner certainly has a due process right to an impartial decisionmaker, but "because honesty and integrity are presumed on the part of a tribunal, there must be some substantial countervailing reason to conclude that a decisionmaker is actually biased with respect to factual issues being adjudicated." *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 518 (10th Cir. 1998) (internal quotation marks omitted). Petitioner claims the record shows the DHO's bias but does not otherwise point to any specifics supporting his argument. We reviewed the record and can find no such evidence. And finally, we agree with the district court that there is some evidence supporting the DHO's finding that Petitioner attempted to assault another prisoner. The DHO relied on a staff report that included witness interviews as well as a video of the incident. *See Hill*, 472 U.S. at 455–56 ("[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."); *Ruelas v. Zuercher*, 240 F. App'x 796, 797 (10th Cir. 2007) (unpublished) (explaining that the incident "report alone constitutes 'some evidence' of Petitioner's guilt").

Because Petitioner has received all the process he was due, we AFFIRM for substantially the reasons set forth in the district court's order denying the application for a writ of habeas corpus. In addition, we DENY Petitioner's request to proceed on appeal in

4

forma pauperis.

Entered for the Court


Bobby R. Baldock
Circuit Judge