**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 24, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

ANTHONY H. LETT,

    Petitioner - Appellant,

v.

MR. LOVETT, Warden,

    Respondent - Appellee.

No. 22-1124
(D.C. No. 1:21-CV-03212-RMR)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McHUGH**, and **ROSSMAN**, Circuit Judges.
_____

Anthony Lett, a federal inmate proceeding pro se,[1] appeals the district court's

denial of his 28 U.S.C. § 2241 habeas petition challenging his prison disciplinary

conviction for possessing a dangerous weapon in federal prison.  Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.  We also dismiss Mr. Lett's appeal of

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe Mr. Lett's pro se filings liberally.  *See Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 2718 (2022).

the district court's denial of his motion for reconsideration for lack of appellate jurisdiction.

## I.  Background

A prison guard saw Mr. Lett hand a "dark brown" "shaft shaped item" to another prisoner, Stanley Walker.  R. at 69.  The guard saw Mr. Walker "place[] the object into his right sock."  *Id.*  The guard searched Mr. Walker and found an improvised knife.  "The weapon was metal[,] approximately 7.5 inches long[,] and sharpened to a point with a dark brown bed sheet ripped into strips to wrap one end so it could be used as a handle.  A piece of cardboard was used to sheath the sharpened end."  *Id.*

Prison officials later served Mr. Lett with an incident report charging him with possessing a dangerous weapon and aiding in destroying or disposing of the weapon. They also notified him of his rights in the pending disciplinary proceeding, which included access to a staff representative to help him with his case and the right to present evidence.  Mr. Lett requested a staff representative, and prison officials granted this request.

At the disciplinary hearing, Mr. Lett said he "had no knowledge of the weapon."  R. at 13.  He called no witnesses and did not submit documentary or video evidence in support of his defense.  His staff representative told the hearing officer Mr. Lett "did not know what a staff rep was for and he requested no video to be viewed."  *Id.*  The hearing officer considered these statements, the guard's statement, a photograph of the shank, and Mr. Lett's failure to make a statement of defense

earlier in the investigation.  The hearing officer concluded "the greater weight of the evidence" supported the possession charge.  R. at 15.  He sanctioned Mr. Lett by imposing 50 disciplinary segregation days and revoking 41 days of good conduct time credit and six months of commissary privileges.

After unsuccessfully appealing his disciplinary conviction through administrative channels, Mr. Lett filed a pro se § 2241 habeas petition in the district court.  The district court construed his § 2241 petition as "specifically challeng[ing] only the sufficiency of the evidence" supporting the disciplinary conviction.  R. at 88.  The district court evaluated the sufficiency claim according to the "some evidence" standard—i.e., "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board," *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455–56 (1985)—and determined the evidence considered by the hearing officer was sufficient to support Mr. Lett's disciplinary conviction.  To the extent Mr. Lett was arguing that other evidence the hearing officer failed to consider, such as Mr. Walker's testimony or video surveillance footage, might have produced a different outcome, the district court rejected that argument because the record did not show Mr. Lett had asked the hearing officer to review anything beyond what had been considered.  The district court also found unavailing any due process claim based on an argument that Mr. Lett had been prevented from presenting video evidence of the incident.  According to the district court,  Mr. Lett did "not allege that he asked the [hearing officer] to view the video evidence and he fail[ed] to explain why he did not tell the [hearing officer] that his

3

staff representative had failed to obtain video evidence he had requested." R. at 91. On April 1, 2022, the district court denied the § 2241 petition on the merits and entered a final judgment that same day.

On April 15, 2022, Mr. Lett filed pro se a document titled "Petition for Reconsideration on the Alternative Petition Giving Notice of Appeal 'In[]forma Pauper[i]s.'" R. at 93 (capitalization normalized). In this filing, Mr. Lett sought reconsideration of the district court's § 2241 denial order under Federal Rules of Civil Procedure 59(e) and 60(b). He argued the district court should have granted his petition because his staff representative's role "equate[d] to that of a court appointed counsel in a court proceeding," R. at 94, and his staff representative rendered constitutionally deficient assistance by failing to obtain and present video evidence in the disciplinary proceedings. "In the [a]lternative," Mr. Lett provided notice of his intent to appeal and sought leave to proceed *in forma pauperis* on appeal. R. at 93.

The district court docketed this document twice, once as a notice of appeal of the district court's April 1 order and judgment, and again as a motion for reconsideration of the April 1 order. This court then entered an order abating the appeal pending the district court's resolution of the motion for reconsideration, stating "the notice of appeal will become effective when the district court enters an order disposing of the post-judgment motion." *Lett v. Lovett*, No. 22-1124, Order (10th Cir. Apr. 19, 2022). The district court denied the motion for reconsideration on April 29, 2022, ruling that any alleged failures by the staff representative would not impact its prior "analysis because there is no right to counsel in prison disciplinary

4

proceedings." R. at 106 (citing *Wolff v. McDonnell*, 418 U.S. 539, 570 (1974)). Mr. Lett did not file a new or amended notice of appeal related to the district court's April 29 order.

## II.  Discussion

Mr. Lett argues the district court made two errors in denying his § 2241 petition:  (1) the district court should have found a violation of his due process and equal protection rights based on his staff representative's ineffective assistance in the disciplinary proceedings; and (2) the district court should have found a violation of his due process and equal protection rights because the evidence presented at his disciplinary hearing did not support his disciplinary conviction.  We lack appellate jurisdiction to consider his first argument and reject his second argument on the merits.

The district court did not address Mr. Lett's ineffective-assistance argument until its April 29 order denying his motion for reconsideration.  While Mr. Lett seeks to challenge the April 29 order in this appeal, Mr. Lett did not file a new or amended notice of appeal designating the April 29 order after he filed his initial notice on April 15.  "When an appellant challenges an order ruling on a motion governed by Appellate Rule 4(a)(4)(B)(ii), a new or amended notice of appeal is necessary even if the issue raised in the motion and sought to be challenged could also have been challenged in an appeal from the final judgment." *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1010 (10th Cir. 2018).  Because Mr. Lett filed his reconsideration motion under Federal Rules of Civil Procedure 59(e) and 60(b)

5

within 28 days of the district court's judgment, Federal Rule of Appellate Procedure 4(a)(4)(B)(ii) governed the district court's April 29 order denying the motion. *See* Fed. R. App. P. 4(a)(4)(B)(ii) (stating the rule applies to "an order disposing of any motion listed in Rule 4(a)(4)(A)"); *see also* Fed. R. App. P. 4(a)(4)(A)(iv), (vi) (listing motions "to alter or amend the judgment under [Federal Rule of Civil Procedure] 59" and motions "for relief under [Federal Rule of Civil Procedure] 60 if the motion is filed no later than 28 days after the judgment is entered"). Mr. Lett therefore had to file a new or amended notice designating the April 29 order to preserve appellate review of the district court's rejection of his ineffective-assistance argument. Because he did not, we must dismiss his challenge to the April 29 order for lack of appellate jurisdiction. *See Husky Ventures*, 911 F.3d at 1010.

We acknowledge the apparent harshness of this holding, particularly because even the government does not question our jurisdiction and the district court's decision to treat Mr. Lett's petition for reconsideration as a notice of appeal could have understandably caused confusion about the preservation of Mr. Lett's arguments on appeal. But even where "neither party challenges our appellate jurisdiction, we have an independent duty to examine our own jurisdiction." *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1274 (10th Cir. 2001). And "[a]lthough a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets,

6

citation, and internal quotation marks omitted). Applying these principles here, we lack jurisdiction to review the April 29 order.[2]

Mr. Lett next argues the district court erroneously rejected his claim prison officials violated his due process rights by convicting him without sufficient evidence. "When reviewing the denial of a habeas petition under § 2241, we review the district court's legal conclusions de novo and accept its factual findings unless clearly erroneous." *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1042 (10th Cir. 2017) (internal quotation marks omitted). As we explain, the district court did not err.

Prisoners possess a liberty interest in their statutorily provided good-time credits. *See Wolff*, 418 U.S. at 557. And prisoners therefore cannot be deprived of those credits without due process. *See id.* But "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." *Hill*, 472 U.S. at 455.[3] "Ascertaining whether this

---

[2] Even if we had jurisdiction to consider the argument, we would reject it. Mr. Lett did not establish a due process right to assistance in his disciplinary proceedings. *See Wolff*, 418 U.S. at 570 (recognizing a due process right to assistance "[w]here an illiterate inmate is involved," or when "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case"). And Mr. Lett likewise did not establish a due process violation based on the staff representative's performance in connection with the disciplinary proceedings. *See Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) ("[A] failure to adhere to administrative regulations does not equate to a constitutional violation.").

[3] Due process also requires that an inmate "receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on

standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455–56 (emphasis added). "The decision can be upheld even if the evidence supporting the decision is 'meager.'" *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996) (quoting *Hill*, 472 U.S. at 457).

Mr. Lett argues the decision by the prison disciplinary board is not supported by sufficient evidence because the hearing officer placed too much weight on the prison guard's statement. He suggests evidence not presented at the disciplinary hearing, such as a fingerprint analysis of the shank, security footage, or Mr. Walker's testimony, might have exonerated him. But the record does not show Mr. Lett ever asked the hearing officer to consider any of this evidence. Just the opposite. The record shows "he requested no video to be viewed," R. at 65 (internal quotation marks omitted), and "waived [his] right to witnesses," R. at 66. Under the circumstances, we discern no due process violation in the hearing officer's failure to consider this evidence. *See Ramer v. Kerby*, 936 F.2d 1102, 1105 (10th Cir. 1991) (finding no due process violation where the inmate "effectively den[ied] [prison officials] the opportunity to evaluate his request to present . . . testimony at his hearing" because the inmate "had waived his right to obtain testimony from these

---

and the reasons for the disciplinary action." *Hill*, 472 U.S. at 454. Mr. Lett does not contend the prison failed to satisfy these due process requirements.

witnesses"); *cf. Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 813–14 (10th Cir. 2007) (holding that the disciplinary hearing officer's "unjustified refusal to produce and review" a video of the incident in question "deprived [the inmate] of the process due him," where the inmate had "reiterated" to the hearing officer "a request [he] had consistently made before" for prison officials to "review videotape records").

On de novo review, we agree with the district court that the evidence considered by the hearing officer satisfies the "some evidence" standard. The guard's statement describes how the guard saw Mr. Lett hand a "dark brown" "shaft shaped item" to Mr. Walker and further describes recovering an improvised knife from Mr. Walker. The photograph of the improvised knife recovered by the guard illustrates its dangerous nature and confirms the guard's description. Taken together, this amounts to "some evidence" Mr. Lett possessed a dangerous weapon. *See, e.g.*, *Ruelas v. Zuercher*, 240 F. App'x 796, 797 (10th Cir. 2007) (holding an incident "report alone constitute[d] 'some evidence' of [the convicted inmate's] guilt"); *Longstreth v. Franklin*, 240 F. App'x 264, 267 (10th Cir. 2007) (holding an "incident report was 'some evidence'"); *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) ("[A] report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation."); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (holding a correctional officer's "disciplinary report . . . alone

9

provide[d] 'some evidence' for the" disciplinary conviction).[4]  That Mr. Lett disputed the guard's report by stating he "had no knowledge of the weapon or disposed of it," *id.* at 13, does not undermine our conclusion because we do not "assess[] the credibility of witnesses[] or weigh[] . . . the evidence," *Hill*, 472 U.S. at 455.  We instead only consider "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  *Id.* at 455–56.  And in this case, considered under the applicable legal standard, there was evidence in the record that supported the conclusion reached by the disciplinary board.[5]

### III.  Conclusion

We affirm the district court's denial of Mr. Lett's § 2241 petition.  We dismiss Mr. Lett's appeal of the district court's order denying his motion for reconsideration.  We grant Mr. Lett's motion to proceed on appeal without prepayment of costs and fees.

Entered for the Court

Veronica S. Rossman
Circuit Judge

---

[4] Unpublished cases cited in this decision are not binding precedent, but we consider them for their persuasive value.  *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[5] Mr. Lett's opening brief also argues prison officials violated his right to equal protection.  But "government action challenged on equal-protection grounds must 'affect some groups of citizens differently than others.'" *Citizens for Const. Integrity v. United States*, 57 F.4th 750, 765 (10th Cir. 2023) (quoting *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008)).  And Mr. Lett does not argue prison officials treated him differently than any similarly-situated individual.  We therefore reject his equal protection argument.