39 F.3d 1192
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William KOSMAN, Petitioner-Appellant,
v.
Tom R. KINDT, Warden, Respondent-Appellee.
 No. 94-6248.
 United States Court of Appeals, Tenth Circuit.
 Nov. 9, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 William T. Kosman appeals the denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. 2241. He contends that there is a conflict between his sentence, as pronounced by the district judge in open court, and the written judgment and commitment order. Relying on our holding in United States v. Villano, 816 F.2d 1448 (10th Cir.1987), he claims that the oral sentence controls and he is, therefore, being detained in violation of the Constitution. We affirm.[2]
 
 
 3
 The facts in this case are not in dispute and we therefore review the district court's conclusions de novo. Jones v. Cowley, 28 F.3d 1067, 1069 (10th Cir.1994). Because Kosman is proceeding pro se, we construe his pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Keeton v. Oklahoma, 32 F.3d 451, 452 (10th Cir.1994).
 
 
 4
 Kosman was convicted on two counts of distribution of cocaine. On May 7, 1984, he was sentenced on each count to six years imprisonment and a five-year special parole term, with the sentences to run concurrently. On July 18, 1986, Kosman was released from incarceration on regular parole, with a full term release date of May 5, 1990. On November 14, 1991, the United States Parole Commission issued a violator warrant charging Kosman with violating the terms of his special parole by new criminal behavior. Kosman was arrested on that warrant on November 23, 1991. His special term parole was revoked, and none of the time spent on special parole, from May 5, 1990, was credited. On February 5, 1992, he was committed to the federal correctional institution in El Reno, Oklahoma, for service of the five-year special parole term.
 
 
 5
 Kosman claims that the Parole Commission was without jurisdiction to issue the violator warrant on November 14, 1991, because his special parole term had already expired. Noting a variance between the sentence pronounced in open court and the sentenced reduced to writing in the judgment and commitment order, he argues that "an orally pronounced sentence controls over a judgment and commitment order when the two conflict." See Villano, 816 F.2d at 1450.
 
 
 6
 At Kosman's sentencing, the district court orally pronounced that the five-year special parole term would commence upon Kosman's "release from prison," and upon his "release from imprisonment."[3] The written judgment and commitment order, however, states that the five-year special parole term is to commence upon his "release from sentence." Thus, according to Kosman, the special parole term, as pronounced in open court, commenced on July 18, 1986 (the date that he was released from incarceration), and terminated no later than July 18, 1991. We disagree.
 
 
 7
 We find no conflict between the sentence pronounced in open court and the written judgment and commitment order. Taken in context, it is clear that the district judge did not use the terms "prison" and "imprisonment" in reference to the period of Kosman's incarceration. Rather, the words were used in reference to the period during which Kosman would be in "the custody of the Attorney General."
 
 
 8
 Moreover, were we to accept Kosman's premise that the regular parole term and the special parole term ran concurrently, then we would have to conclude that the district court knowingly imposed a sentence in violation of 21 U.S.C. 821(c), which provided that a special parole term was "in addition to, and not in lieu of, any other parole provided for by law." See 28 C.F.R. 2.57; United States Parole Comm'n v. Viveros, 874 F.2d 699, 700-01 (9th Cir.1989). However, we presume that a district court "is aware of the law that it is called upon to apply." United States v. Lowden, 905 F.2d 1448, 1449 n. 1 (10th Cir.), cert. denied, 498 U.S. 876 (1990). Thus, at most, Kosman has shown that the sentence pronounced in open court was ambiguous.[4]
 
 
 9
 Contrary to Kosman's interpretation, we did not hold in Villano that an orally pronounced sentence always will control over the written judgment and commitment order. Rather, we held that when an unambiguous sentence rendered in open court conflicts with the sentence reduced to writing in the judgment and commitment order, "the sentence, as orally pronounced, shall not be altered." Villano, 816 F.2d at 1448. When the orally pronounced sentence is ambiguous, however, "the judgment and commitment order is evidence which may be used to determine the intended sentence." Id. at 1451.
 
 
 10
 In this case, any ambiguity in the orally pronounced sentence is readily clarified by reference to the judgment and commitment order. The special parole term of five years was imposed, in accordance with the law, to commence upon Kosman's release from sentence.
 
 
 11
 The order of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The government argued below that this case should be dismissed because Kosman failed to exhaust his administrative remedies. However, the government has failed to brief the issue to this court. The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created and it is not required by statute. See 28 U.S.C. 2241. Because it is not required by statute, it is not jurisdictional. See Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir.1991); see also United States v. Woods, 888 F.2d 653, 654 (10th Cir.1989), cert. denied, 494 U.S. 1006 (1990). Accordingly, and in light of the absence of any briefing by the government, we address the substance of Kosman's argument
 
 
 [3]
 The relevant portions of the sentencing transcript read as follows:
 No good cause appearing or having been shown to the Court, the defendant is sentenced to the custody of the Attorney General under count 3 of the indictment for a period of six years with parole governed by 18 United States Code, Section 4205(a), and is fined $3,500 to be paid during commitment.
 In addition, a special parole term of five years is imposed, beginning on his release from prison.
 Under Count 5 of the indictment, a six-year sentence is imposed to be served concurrently with the sentence under count 3, with parole governed by 18 United States Code, Section 4205(a).
 In addition, a special parole term of five years is imposed, beginning on his release from imprisonment.
 R. Vol. I, Doc. 2, Ex. A at 21-22.
 
 
 [4]
 We stated in Villano that an ambiguity may be found when "the plain meaning of the words used lead to an irrational or absurd result." Villano, 816 F.2d at 1453 n. 6. A district court's knowing imposition of an illegal sentence would be just such an absurdity