Billy ARD, Petitioner–Appellant,

v.

Craig HANKS, Respondent–Appellee.

No. 02–2513.

United States Court of Appeals,
Seventh Circuit.

Submitted April 1, 2003.*

Decided May 27, 2003.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before FAIRCHILD, BAUER, and KANNE, Circuit Judges.

### ORDER

In this appeal from the denial of a habeas corpus petition under 28 U.S.C. § 2254, Indiana prisoner Billy Ard claims that jail officials deprived him of a good-time-credit-earning classification without due process. He also claims that the district court abused its discretion by not providing him

a lawyer and not holding an evidentiary hearing to resolve disputed factual issues. Because Ard received the minimum process he was due, we affirm.

According to Ard, the sequence of events leading to his credit-class demotion began on March 23, 1996, at the Fulton County Jail, where he was temporarily housed awaiting a court appearance. Around 3 P.M. that afternoon, Troy Collins, another inmate, accused Ard of battery. At 6 P.M. on the 24th, a guard informed Ard that a disciplinary hearing regarding the alleged battery was scheduled for 10 A.M. the next day. A hearing was held and conflicting testimony heard. Collins testified that Ard beat him in the face. Ard and three other inmates denied that any battery ever occurred, and they testified that they had all been playing cards when Collins claimed to have been attacked.

The hearing board believed Collins, returning a decision that stated "Evidence Heard. Fact found ... is that ... inmate Billy Ard committed battery against another inmate Troy Collins." As punishment, the board reduced Ard's credit classification. Ard appealed the board's decision to the Indiana Department of Corrections ("IDOC"), which after protracted delays ultimately affirmed the board's decision.

Ard then filed his habeas corpus petition, claiming that the hearing board and IDOC failed to adhere to the due process requirements first enunciated in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Specifically, he asserted that 1) the board's written decision failed to specify the evidence and reasons leading to its guilty finding; 2) he was not provided twenty-four hours' advance notice of the hearing; 3) the Fulton County Jail had not provided him a copy of its rule book and so he was unaware of their rules

against battery; 4) there was no evidence supporting the hearing board's decision; and 5) he did not receive any administrative review of the board's decision.

Although acknowledging that the board owed Ard due process before it stripped him of a credit classification, *see Piggie v. McBride,* 277 F.3d 922, 924 (7th Cir.2002), the district court declined to issue the requested writ, finding that the board and IDOC "substantially satisfied" *Wolff*'s requirements.

■ On appeal, Ard renews the claims he presented to the district court. His strongest contention is that the board's written decision is much like the one we found constitutionally inadequate in *Redding v. Fairman,* 717 F.2d 1105, 1114–16 (7th Cir.1983). In *Redding,* we held that a disciplinary committee's reliance on the rote phrase "based on all available evidence" ran afoul of *Wolff*'s requirement that disciplinary boards provide punished prisoners "a written statement ... as to the evidence relied upon and the reasons for the disciplinary action taken." *Wolff,* 418 U.S. at 563. We were particularly concerned that the committee's generic phrase would prevent courts and reviewing agencies from understanding the basis of the committee's decision. *Redding,* 717 F.2d at 1116. Ard suggests that the board's decision here—"Evidence Heard. Fact found is that ..."—presents the same concerns, as it appears to be even less of a reasoned explanation than that in *Redding.*

The respondent Hanks counters that while this case might superficially resemble *Redding,* our more recent decisions in *Saenz v. Young,* 811 F.2d 1172, 1174 (7th Cir.1987), and *Culbert v. Young,* 834 F.2d 624, 630–31 (7th Cir.1987), actually control. In *Saenz* and *Culbert* we noted that *Wolff*'s requirement that a disciplinary board provide written reasons for its decision seeks to protect prisoners from being punished for something they did not do. *See Saenz,* 811 F.2d at 1174; *Culbert,* 834 F.2d at 630–31. Considering this rationale, we determined in *Culbert* that "the kind of statements that will satisfy the constitutional minimum will vary from case to case depending on the severity of the charges and the complexity of the factual circumstances and proof offered by both sides." *Culbert,* 834 F.2d at 631. Furthermore, the adequacy of a statement must be judged in light of the lenient "some evidence" standard for reviewing the sufficiency of the evidence in prison disciplinary cases. *Id.* at 630 (citing *Superintendent, Mass. Correctional Inst. v. Hill,* 472 U.S. 445, 455–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985) (due process requires "some evidence" of wrongdoing before punishment is inflicted upon a prisoner)). We concluded in both *Culbert* and *Saenz* that if the brevity of a written statement does not pose a risk of punishing prisoners for something they have not done, then there is no constitutional violation. *See Saenz,* 811 F.2d at 1174; *Culbert,* 834 F.2d at 631. Hanks urges that the board's short ruling did not give rise to such a risk because the board's reason for finding Ard guilty is obvious—it believed Collins's testimony.

In this regard, we think that Hanks has the better argument. As in *Saenz* and *Culbert,* Ard's case involved a simple factual dispute that turned on a stark credibility determination—believe Collins or believe Ard and his card-playing confederates. By finding Ard guilty, the board signaled that it believed Collins; the record here leaves no "mystery" as to the board's reasoning. *See Saenz,* 811 F.2d at 1174. Thus the concerns motivating *Redding*'s holding—that a generic reason would prevent meaningful review—are not present. *See also Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir.2002) ("[A] curt

explanation may suffice when it was evident to all involved that the only question was one of credibility, so that to find the prisoner guilty at all is to reveal how the core dispute has been resolved.") (citing *Saenz*, 811 F.2d at 1174). Furthermore, because there is no mystery as to why the board found Ard guilty, we can perceive no risk that Ard was punished arbitrarily or without the requisite "some evidence" of his wrongdoing. *See Culbert*, 834 F.2d at 630–31. Without that discernible risk, there was no constitutional violation. *See Culbert*, 834 F.2d at 630–31; *Saenz*, 811 F.2d at 1174.

■ Resolving Ard's remaining contentions is simpler. First, Ard argues that jail officials did not provide him at least 24 hours' advance notice to plan his defense before the disciplinary hearing, as required by *Wolff*. That may be so, but Ard has not articulated any harm—such as an inability to call witnesses or otherwise mount an effective defense—resulting from his abbreviated time to prepare. *See Evans v. McBride*, 94 F.3d 1062, 1065 (7th Cir.1996) ("Unless an error had a substantial and injurious influence on the proceedings, a request for collateral relief should be rejected."). The record reveals that in fact he was able to mount a substantial if ultimately ineffective defense involving three witnesses and his own testimony. The jail's failure to provide Ard with 24 hours' advance notice before his hearing was thus harmless error that cannot support collateral relief. *See O'Neal v. McAninch*, 513 U.S. 432, 435–36, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995); *Evans*, 94 F.3d at 1065.

■ Next, Ard contends that his due process rights were violated because he never received a copy of the Fulton County Jail rule book. Again, Ard does not explain how not having the rule book harmed him. His reliance on *Forbes v. Trigg*, 976 F.2d 308, 314 (7th Cir.1992), and *Meis v. Gunter*, 906 F.2d 364, 367 (8th Cir.1990), is misplaced. Those cases noted only that due process requires prison authorities to inform a prisoner of a technical rule before punishing him for violating it. Here, Ard was disciplined not for violating an obscure or technical rule but for beating another person in the face, an act everyone knows is against the law. Due process does not require specific notice of a rule prohibiting an act commonly known to be unlawful. *See United States v. Freed*, 401 U.S. 601, 609, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971).

Ard also argues that there was no evidence supporting the board's finding that he battered Collins. But as we described above, Collins's testimony at the disciplinary hearing provided the requisite "some evidence" for the imposition of sanctions. *See Hill*, 472 U.S. at 455; *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir.2000) (even "meager" evidence suffices to impose discipline in prison context).

■ Ard next contends that he received an inadequate administrative review of his appeal from the disciplinary decision. The record reveals that bureaucratic mishandling prevented Ard from obtaining an administrative review for over four years. Finally, on September 18, 2000, the IDOC's final reviewing authority agreed to consider Ard's appeal. On October 18, 2000, Ard submitted an appeal that included substantially the same claims as those in his habeas corpus petition. The reviewing authority responded in a letter dated November 8, 2000, informing Ard that his correspondence had been reviewed, but his "so called appeal" would not be addressed because "there is no evidence to support [his] claims other than on [his] say so." Although not a model of administrative decision, the letter shows a reason for rejecting the claims Ard chose to make.

Furthermore, the only possible result of a meaningful review would be the conclusion that the hearing board was within its power in resolving the conflict between witnesses. Also, Ard has produced no evidence that his administrative review was "pro forma" or otherwise inadequate. *See Forbes,* 976 F.2d at 319–320 (dismissing claim that administrative review was inadequate because prisoner had no proof that review was in fact meaningless).

Two final matters remain. First, given our review of the claims raised in Ard's petition, as well as Ard's obvious ability to represent himself competently, we do not think that the district court abused its discretion by not appointing counsel for Ard. *See Farmer v. Haas,* 990 F.2d 319, 322 (7th Cir.1993) (whether district court abused its discretion in refusing to appoint counsel depends on complexity of case, competency of pro se party, and whether counsel's presence would have made a difference). *See also Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir.1995) (civil litigants have neither statutory nor constitutional right to counsel). Lastly, as Ard's own rendition of the facts reveals no constitutional violations, an evidentiary hearing was unnecessary.

AFFIRMED.