**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 18, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRIAN L. BROWN,

        Petitioner-Appellant,

v.

H. A. RIOS, Warden,

        Respondent-Appellee.

No. 06-1210

(D. of Colo.)

(D.C. No. 05-CV-1603-BNB)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.[**]

    Petitioner-Appellant Brian L. Brown, a federal inmate proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in federal district court claiming that prison disciplinary proceedings violated his due process rights. The magistrate judge of the district court denied his habeas

---

    [*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

    [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

petition.[1]  Brown later moved for leave to proceed *in forma pauperis* (IFP) on appeal, which the magistrate judge promptly denied for lack of good faith.  Brown now seeks an appeal of the magistrate judge's decision and renews his motion to proceed IFP.  For substantially the same reasons set forth by the magistrate judge, we affirm the order denying habeas relief, deny Brown's IFP motion, and dismiss this matter.

## I. Background

Brown is incarcerated at the United States Penitentiary in Florence, Colorado.  On September 9, 2004, Brown received an incident report accusing him of throwing his noon meal into the interior range, throwing newspapers from his cell onto the range, setting the papers on fire, and then disobeying an order to be handcuffed.[2]  Brown was charged with setting a fire, refusing an order, and being unsanitary and untidy.  The matter was referred to the prison's Unit Discipline Committee (UDC) that day.  On September 13, 2004, the UDC held a hearing on the matter and determined that the charges should be forwarded to a disciplinary hearing officer (DHO).

---

[1] Both parties consented to magistrate judge jurisdiction over the matter.

[2] Initially, the reporting officer recorded the date of the incident as September 7, 2004.  Subsequently, the reporting officer submitted a memorandum correcting the date of the incident to September 8, 2004.  The error was noted and the correct date of the incident was affirmed as September 8, 2004.  As the magistrate judge noted, the exact date of the incident does not affect the analysis of claims presented in Brown's petition.

The DHO held a hearing on September 14, 2004. He found Brown guilty of refusing an order and setting a fire and dismissed the third charge of being unsanitary. The DHO imposed several sanctions, including the forfeiture of good conduct time. At the time, the DHO did not complete the section of the DHO report entitled, "Reason for Sanction or Action Taken."

Brown appealed the DHO's decision to the Regional Director for the Bureau of Prisons (BOP). The Regional Director affirmed the convictions, but instructed the DHO to amend his report to specifically state the reasons for the sanctions. The DHO completed an amended report and delivered a copy to Brown on November 11, 2004.

Brown then petitioned for the writ of habeas corpus in the federal court in the District of Colorado claiming that the prison disciplinary proceedings violated due process. Analyzing Brown's claims, the magistrate judge found them each without merit and dismissed Brown's petition.

## II. Analysis

We review *de novo* a district court's denial of a petition for habeas corpus. *Martinez v. Flowers*, 164 F.3d 1257, 1258 (10th Cir. 1998). To meet the standards of due process in a prison disciplinary proceeding, an inmate must receive the protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 563–66 (1974): written notice of the charges at least twenty-four hours before the hearing, an opportunity to present witnesses and evidence in defense of those charges, and a written

statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. *Smith v. Maschner*, 899 F.2d 940, 946 (10th Cir. 1990). Additionally, due process requires "some evidence to support the hearing panel's decision . . . and the decisionmaker must be impartial." *Gwinn v. Awmiller*, 354 F.3d 1211, 1219 (10th Cir. 2004) (citing *Wolff*, 418 U.S. at 592) (Marshall, J., concurring).

After reviewing the merits of the Petitioner-Appellant's claims, we agree with the magistrate judge that Brown received the due process required by *Wolff*.

## A. Violations of BOP Regulations

First, Brown complains that prison authorities BOP regulations by failing to serve him a copy of the incident report within twenty-four hours, failing to provide him a UDC hearing within three working days of the time staff became aware of the incident, and denying him access to legal materials and the prison library. *See* 28 C.F.R. §§ 541.15(a)–(b), 541.12, and 543.10 (2006). These allegations fail to raise a due process violation under *Wolff*.

Prison regulations are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481–82 (1995). Where a liberty or property interest has been infringed, the process which is due under the United States Constitution is that measured by the due process clause, not prison regulations. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985)

("[O]nce it is determined that the Due Process Clause applies, the question remains what process is due. The answer to that question is not to be found in the [state] statute.") (quotation and citation omitted); *Hulen v. Yates*, 322 F.3d 1229, 1247 (10th Cir. 2003) ("[O]nce the property right is established, it is purely a matter of federal constitutional law whether the procedure afforded was adequate."); *see also Shakur v. Selsky*, 391 F.3d 106, 119 (2d Cir. 2004) ("[R]egardless of state procedural guarantees, the only process due an inmate is that minimal process guaranteed by the Constitution.").

*Wolff* mandates only a twenty-four hour advance notice of a disciplinary hearing and an opportunity to present a defense. It does not require an UDC hearing. Brown was therefore afforded protections in excess of those required by law: (1) he received notice five days before his hearing, (2) received a constitutionally unnecessary UDC hearing within three days, and (3) articulated no argument on how he was prevented from adequately presenting a defense. Even if minor violations of BOP regulations occurred,[3] they would not rise to a constitutional violation under *Wolff*.

Accordingly, the magistrate judge did not err in denying these claims.

**B. Sufficiency of Evidence**

---

[3] Under the determination of facts found by the magistrate judge, no violation of BOP notice requirements appears.

Next, Brown alleges that his conviction by the DHO was unsupported by "some evidence" and thus constitutes a deprivation of his liberty. Our review of the evidentiary threshold "does not require [an] examination of the entire record, [an] independent assessment of the credibility of witnesses or weighing of the evidence." *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996) (citing *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 454 (1985)). "Instead, the relevant conclusion is whether there is any evidence that could support the conclusion reached by the disciplinary board." *Id*. The decision can be upheld even if the evidence supporting the decision is "meager." *Id*.

The reporting officer's written account of the incident describes in detail Brown's prison code infractions. The account describes how Brown threw his lunch on a range with some newspapers and set the combination aflame. When ordered to submit to handcuffs, Brown refused and uttered obscenities at the officer. This account, which the DHO found credible, is sufficient to support a conviction of disobedience and setting a fire. Accordingly, we find this evidentiary claim to be without merit.

### C. Impartial Decisionmaker

Brown next asserts that the DHO presiding over the case was biased, depriving him of due process. The essence of Brown's argument is that he had previously named the DHO as a defendant in a separate civil lawsuit. "An impartial decisionmaker is a fundamental requirement of due process" and "should

be decided on a case-by-case basis." *Gwinn*, 354 F.3d at 1220 (quotations omitted). Nevertheless, since prisoners may file numerous lawsuits naming multiple prison officials as defendants, "courts should be alert not to sustain routine or pro forma claims of disqualification." *Id.* at 1220–21 (citation and quotations omitted). "From a practical standpoint, requiring each staff member who is the subject of a separate lawsuit to disqualify himself from sitting in judgment of that inmate would heavily tax the working capacity of the prison staff." *Id.* at 1221 (quotations omitted).

Standing alone, the allegation that the DHO was biased solely as a result of his being named a defendant in a civil suit by Brown does not rise to a due process violation. *See id.* ("Careful scrutiny of disqualification claims is grounded in legitimate considerations of prison administration."). As determined above, there was sufficient evidence to support Brown's conviction and no other indication suggests the DHO was involved "in the investigation or prosecution of the particular case, or . . . had any other form of personal involvement in the case." *Wolff*, 418 U.S. at 592 (Marshall, J., concurring) (describing the minimum requirements of due process in a disqualification claim). Thus, the magistrate judge did not err in denying this claim.

### D. Changed Facts

Brown's final due process claim was that the DHO "changed facts, not previously presented at [the] hearing" in his final report. As determined by the

magistrate judge, the DHO only supplemented his final report with the reasons for imposing sanctions, as required by the Regional Director. No additional facts were incorporated into the report. Brown also objected to the correction of the date of the incident to September 8, 2004 in the DHO's report based on the reporting officer's indication that the date was originally misstated. Here, there is no basis for equating the officer's correction of the record with constitutional error.

### III. Conclusion

In sum, we agree with the magistrate judge's determination that the disciplinary hearings at issue comported with the minimum requirements of due process under *Wolff*. Accordingly, we AFFIRM the lower court's order, DENY Petitioner-Appellant's IFP motion, and DISMISS this appeal.

Entered for the Court:

Timothy M. Tymkovich
Circuit Judge