FILED
United States Court of Appeals
Tenth Circuit

April 13, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES KELVIN COOPER,

      Petitioner-Appellant,

v.

JUSTIN JONES, Director

      Respondent-Appellee.

No. 10-6003

(D.C. No. 09-CV-00410-HE)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TACHA, BRISCOE,** and **O'BRIEN**, Circuit Judges.

---

James Kelvin Cooper, a state prisoner proceeding pro se, requests a certificate of appealability (COA) to appeal the district court's order denying his 28 U.S.C. § 2241[1] petition for writ of habeas corpus. Cooper also seeks leave to proceed in forma pauperis (IFP). We deny his request for a COA and IFP status, and we dismiss this matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

[1] Although Cooper filed his petition on a form labeled § 2254, the district court correctly recognized that the petition was pursuant to § 2241. See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997) (§ 2241 petitions are used to challenge the execution of a sentence, including "deprivation of good-time credits").

## I

Cooper is a state prisoner at the Lawton Correctional Facility in Lawton, Oklahoma. On February 13, 2008, correctional officers found a cell phone in Cooper's cell, on his bed. On March 7, 2008, a disciplinary hearing was held. The disciplinary hearing officer reviewed the misconduct report, and Cooper presented written statements that the cell phone belonged to his cell mate, including a declaration from his cell mate. The disciplinary hearing officer found Cooper guilty of possession of a cell phone and revoked 365 earned credits toward earlier release.

Cooper unsuccessfully appealed this disciplinary decision through the prison administrative process, and Oklahoma State courts. He subsequently filed this petition for habeas corpus in federal district court, arguing that he was deprived of his right to due process. The magistrate judge recommended that the petition be denied, and the district court adopted the recommendation and denied the petition. The district court subsequently denied Cooper's request for a COA and denied his motion to proceed IFP.

## II

State prisoners may appeal the denial of a § 2241 petition only if a COA is issued. See 28 U.S.C. § 2253(c)(2); Montez v. McKinna, 208 F.3d 862, 869 (10th Cir. 2000). A COA will issue only if Cooper makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make this

2

showing, he must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quotations omitted).

Cooper argues that he was denied his right to due process at the prison disciplinary hearing.

> Where a prison disciplinary hearing may result in the loss of good time credits, . . . . [an] inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

Superintendent, Mass. Corr. Inst., Walpole v. Hill 472 U.S. 445, 454 (1985). Further, due process requires "some evidence in the record" supporting the charge. Id. This requirement may be satisfied even if the supporting evidence is "meager." Id. at 457. After reviewing the record, we conclude that reasonable jurists could not debate that these minimal procedural requirements were satisfied.

Cooper contends that he provided evidence that the cell phone belonged to his cell mate, and therefore, the disciplinary decision violated his right to due process, citing Meeks v. McBride, 81 F.3d 717 (7th Cir. 1996). Cooper's reliance on Meeks is misplaced. In Meeks, the Seventh Circuit held that "where a prison inmate produces exculpatory evidence that directly undermines the reliability of

3

the evidence in the record pointing to his guilt, he is entitled to an explanation of why the disciplinary board disregarded the exculpatory evidence and refused to find it persuasive." Id. at 720 (quotation and alterations omitted). In the case at bar, however, Cooper's exculpatory evidence does not undermine the reliability of the incident report, i.e., the evidence relied upon by the disciplinary hearing officer. Accordingly, Meeks is inapposite.

Additionally, Cooper argues that under the prison's policy, he was supposed to receive a copy of the prison's incident report. However, because Cooper first raised this issue in his objections to the magistrate judge's report and recommendation, that argument has been waived. See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001). Moreover, this argument fails to raise a due process violation. Prison regulations are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates." Sandin v. Conner, 515 U.S. 472, 481–82 (1995). The process due here is measured by the Due Process Clause of the United States Constitution, not the internal policies of the prison. See Shakur v. Selsky, 391 F.3d 106, 119 (2d Cir. 2004) ("[R]egardless of state procedural guarantees, the only process due an inmate is that minimal process guaranteed by the Constitution."); see also Brown v. Rios, 196 F. App'x 681, 683 (10th Cir. 2006) (unpublished) (same). Cooper received all the process that he was due. See Hill 472 U.S. at 454–57.

4

Because Cooper has failed to make a substantial showing of the denial of a constitutional right, we DENY his application for a COA. We also DENY his request to proceed IFP, and DISMISS this matter.

Entered for the Court

Mary Beck Briscoe
Circuit Judge