NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1013
_____

MARK WALLACE, a/k/a MARK GREEN,
Appellant

v.

FEDERAL DETENTION CENTER; TROY LEVI, WARDEN
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:12-cv-01217)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 3, 2013

Before:  RENDELL, FISHER and GARTH, Circuit Judges

(Opinion filed: June 5, 2013 )
_____

OPINION
_____

PER CURIAM

Mark Wallace, a.k.a. Mark Green, a federal prisoner proceeding pro se, appeals

from the District Court's denial of his petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241.  For the reasons set forth below, we will affirm the District Court's order.

Because we write primarily for the parties, we need only recite the facts necessary for our discussion. On February 5, 2011, while incarcerated at the Federal Detention Center ("FDC") Philadelphia, Wallace participated in a fight with several other inmates involving the use of broken, sharpened broomsticks as weapons. The Bureau of Prisons ("BOP") investigated the fight and issued two incident reports on April 6, 2011, charging Wallace with violating FDC Philadelphia's Code of Conduct. During the pendency of the investigation, Wallace was placed in solitary confinement within the prison's Special Housing Unit ("SHU"). On April 13, 2011, a Disciplinary Hearing Officer ("DHO") conducted two separate hearings to address the charges in each report. According to the findings of the DHO, video surveillance recorded Wallace and another inmate exchanging blows with broken broomsticks. Wallace stabbed the other prisoner in the eye with a pen or pencil and received numerous lacerations himself. Ignoring commands from a prison officer, Wallace twice entered the cell of another inmate and attempted to stab him with the sharpened end of the broken broom handle. Wallace admitted to being involved in the fight, but claimed he was acting in self-defense. The DOC found that Wallace had committed the acts as charged and disallowed 107 days of "good time" credits from his sentence.[1]

---

[1] Wallace timely appealed the DHO determinations and the appeal was denied at each level.

On March 8, 2012, Wallace filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, based on six claims that the FDC Philadelphia deprived him of a liberty interest without due process of law by revoking his good-time credits without following BOP procedures. He sought to have his good-time credits restored. The District Court denied Wallace's § 2241 petition and he timely filed this appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. A challenge to a disciplinary action resulting in the loss of good conduct time is properly brought pursuant to § 2241, "as the action could affect the duration of the petitioner's sentence." Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008). We review the denial of habeas corpus relief de novo, exercising plenary review over the District Court's legal conclusions and applying a clearly erroneous standard to its findings of fact. Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

## III.

We agree with the District Court's denial of Wallace's § 2241 petition. A prisoner has a liberty interest in good time credits. Vega, 493 F.3d at 317 n.4. Thus, when a disciplinary hearing may result in the loss of those credits, an inmate must receive (1) written notice of the charges at least twenty-four hours prior to any hearing, (2) an opportunity to call witnesses and present evidence in his defense, (3) an opportunity to receive assistance from an inmate representative, and (4) a written statement of the evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418

3

U.S. 539, 563-71 (1974). The Supreme Court has held that "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985) (internal quotation marks and citation omitted). The Hill standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of witnesses, or even a weighing of the evidence. See Thompson v. Owens, 889 F.2d 500, 502 (3d Cir. 1989). The relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached by the disciplinary board." See Hill, 472 U.S. at 455-56.

Upon review of the record, we agree with the District Court that Wallace was afforded due process during the disciplinary proceedings as required by Wolff and Hill. First, Wallace alleges that prison officials did not present him with charges within 24 hours of the conduct in violation of 28 C.F.R. §541.5(a)[2], which states that a prisoner is to "ordinarily receive incident report within 24 hours of staff becoming aware of [his] involvement in the incident."[3] Wallace claims that he was presented with notice of the

---

[2] This section was formerly codified at 28 C.F.R. § 541.15(a).

[3] As the District Court properly noted, this regulation is discretionary, not mandatory and prison officials are given wide discretion to adopt and execute their policies needed to maintain internal order. See Bell v. Wolfish, 441 U.S. 520, 547 (1979). Here, the BOP officials admitted to the delay in producing the incident reports, attributing the delay to the need for a lengthy investigation because the incident involved several inmates. We agree with the District Court that the incident required a lengthier investigation and conclude that the two month delay was not unreasonable under the circumstances.

4

charges against him two months after the fight occurred, in deprivation of due process. Wallace also contends that BOP officials violated 28 C.F.R. § 541.7(c),[4] by not conducting a hearing within three days of the alleged conduct.

However, even if these regulations were violated, Wallace cannot show that his right to due process was infringed, where Wolff does not require issuance of the charge within 24 hours of the incident or a hearing within three days of the alleged conduct, and where any delay did not prejudice him. See, e.g., Wilson v. Ashcroft, 350 F.3d 377, 381 (3d Cir. 2003) (holding, in the immigration context, that "there would be no due process violation in the absence of prejudice"). Wolff only requires that an inmate receive written notice of the charges 24 hours before a hearing, and here, Wallace was provided adequate and proper notice one week prior. Also, although Wallace has a liberty interest in his good time credits, he did not show that the regulations themselves created a liberty or property interest such that their violation abridged his due process rights. See, e.g., Sandin v. Conner, 515 U.S. 472, 487 (1995) (holding that the Hawaii prison regulation in question did not afford the defendant a protected liberty interest that would entitle him to the procedural protections set forth in Wolff).[5]

---

[4] This section was formerly codified at 28 C.F.R. § 541.15(b).

[5] Wallace also claims that BOP officials violated 28 C.F.R. § 541.8(h), previously codified at 28 C.F.R. § 541.17(g), by failing to provide him action copies of the DHO's post-hearing report within 24-hours of making a determination. We agree with the District Court that Wallace cannot demonstrate that failure to provide him with the copies within 24-hours of making a determination prejudiced him.

Finally, Wallace challenges the sufficiency of the evidence at the hearings and argues that BOP officials falsified the incident reports in retaliation for a complaint he filed against one of them.  However, the record shows that DHO relied on videotaped evidence of the fight and eyewitness testimony, which showed Wallace's participation in the fight.  Thus, the DOH findings and the decision to deny Wallace's good-time credits are supported by "some evidence," in satisfaction of the due process requirements of Wolff and Hill.[6]

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[6] Wolff requires that Wallace be afforded the opportunity to call witnesses and present documentary evidence during the disciplinary hearing, as well as the opportunity to receive assistance from an inmate representative.  Wolff, 418 U.S. at 566-71.  The record shows that Wallace declined to call any witnesses or present documentary evidence, and that he waived his right to a staff representative.  Wolff also requires that Wallace receive a written decision explaining the DOH's conclusions.  Id., at 564-65.  The DOH complied with this requirement and, thus, all of the Wolff standards were met.