FILED
United States Court of Appeals
Tenth Circuit

October 1, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRIAN L. BROWN,

Petitioner - Appellant,

v.

H.A. RIOS, Warden,

Respondent - Appellee.

No. 13-1511
(D.C. No. 1:05-CV-01603-BNB-MJW)
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner and Appellant, Brian L. Brown, seeks to appeal the district court's denial of his motion to reconsider the denial of his motion pursuant to

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Fed. R. Civ. P. 60(b). Finding that Mr. Brown's appeal is not timely, we dismiss this matter for lack of subject matter jurisdiction.

In 2005, Mr. Brown filed a habeas corpus action under 28 U.S.C. § 2241, challenging a prison disciplinary order. The magistrate judge to whom the matter was referred denied relief, and this court affirmed that denial. Brown v. Rios, 196 Fed. Appx. 681 (10th Cir. 2006) (unpublished).

Seven years later, Mr. Brown filed a motion to "reopen" his case under Rule 60(b). The magistrate judge denied that motion in February 2013 and Mr. Brown did not appeal. In September 2013, Mr. Brown filed a motion seeking reconsideration of the order denying Rule 60(b) relief. The magistrate judge denied that motion on September 26, 2013.

Mr. Brown filed the instant appeal on December 2, 2013, some sixty-seven days after his motion for reconsideration was denied (on September 26). Pursuant to Fed. R. App. P. 4(a)(1)(B), the notice of appeal was due within sixty days. Accordingly, on its face, Mr. Brown's appeal was untimely because it was one week late.

On December 3, 2013, we issued an order noting that Mr. Brown's notice of appeal needed to be filed by November 25, 2013, in order to meet the timeliness requirement of Rule 4(a)(1)(B). We further stated that if Mr. Brown sought to benefit from the prisoner mailbox rule, he must comply with Fed. R. App. P. 4(c)(1). See United States v. Ceballos-Martinez, 387 F.3d 1140, 1143

(10th Cir. 2004) (noting that the appellant is not entitled to the benefit of the prisoner mail-box rule where his notice of appeal did not include "a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement setting forth the notice's date of deposit with prison officials and . . . a statement that first-class postage was pre-paid, and he [did] not subsequently file[] such a form in compliance with Rule 4(c)(1)."); see also Price v. Philpot, 420 F.3d 1158, 1165-66 (10th Cir. 2005). We therefore gave Mr. Brown twenty-one days in which to provide written proof of his compliance with Rule 4(c)(1). In response, Mr. Brown stated that on October 3, 2013, he gave his notice of appeal to a prison counselor for mailing.

Accordingly, we must consider whether Mr. Brown's response complied with Rule 4(c)(1). Under that Rule, an inmate may prove timeliness of a prisoner mailing in one of two ways:

(1) He may show, through mail records kept by the prison, that he deposited the notice in the prison's internal mail system on or before the deadline. Our court has stated that this method must be used if the prison records the date on which legal materials are received for mailing. Price, 420 F.3d at 1165.

(2) Alternatively, the prisoner may show, by a "declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement," that he timely delivered his notice to prison officials for mailing, with first-class postage prepaid. Fed. R. App. P. 4(c)(1). This option must be used when the prison does not have a

system that records the dates on which material is received for mailing. Price, 420 F.3d at 1165. Mr. Brown bears the burden of demonstrating compliance with the mailbox rule.

We agree with the Warden that Mr. Brown has failed to demonstrate such compliance. Mr. Brown did not attempt to show timeliness through the prison's mail logs (and, indeed, he could not have done so because the facility in which he was housed—the Federal Correctional Facility at Victorville—does not log the date on which legal materials are received for mailing). And although Mr. Brown submitted a written declaration, the declaration was not "under penalty of perjury" as required by 28 U.S.C. § 1746.

We therefore must dismiss this appeal for lack of jurisdiction, since Mr. Brown failed to demonstrate compliance with Rule 4(c)(1). See Ceballos-Martinez, 387 F.3d at 1145; Manco v. Werholz, 528 F.3d 760, 762 (10th Cir. 2008).[1]

For the foregoing reasons, this appeal is DISMISSED. Mr. Brown's request for leave to proceed on appeal *in forma pauperis* is DENIED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[1]Were we to accept jurisdiction over this appeal, the appeal would fail, as there was no abuse of discretion in the magistrate judge's denial of Mr. Brown's motion for reconsideration.

-4-