**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 11, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

NATHAN DEVERON BRENNAN,

     Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

     Respondent - Appellee.

No. 16-3016
(D.C. No. 5:15-CV-03059-KHV)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Nathan Deveron Brennan, a federal prisoner proceeding pro se,[1] appeals the

district court's dismissal of his 28 U.S.C. § 2241 habeas corpus application. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.[2]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Although we liberally construe pro se filings, _see Erickson v. Pardus_, 551 U.S. 89, 94 (2007) (per curiam), we may not "assume the role of advocate," _Yang v. Archuleta_, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotations omitted); _see also United States v. Pinson_, 584 F.3d 972, 975 (10th Cir. 2009), and we do not "fashion . . . arguments for [pro se litigants]," _United States v. Fisher_, 38 F.3d 1144, 1147 (10th Cir. 1994).

## I. BACKGROUND

### A. *Prison Administrative Proceedings*

Mr. Brennan is an inmate at a federal prison in Kansas and scheduled for release on February 27, 2021. In 2012, he was incarcerated at the Federal Correctional Institution ("FCI") in Miami, Florida. On September 24, 2012, prison staff completed a Bureau of Prisons ("BOP") Incident Report ("IR") charging Mr. Brennan with attempted escape from the Miami FCI in violation of BOP Code 102A. The IR stated Mr. Brennan was missing from his cell at 10:00 p.m. on September 23, 2012, and was found on top of a prison building at 4:33 a.m. the next day. The IR stated:

> [Mr.] Brennan admitted to attempting to escape from the secure confines of the institution by using a rope fashioned from twine which was attached with a prison fashioned grappling hook and a combination lock.

ROA at 14.

The IR indicates it was delivered to Mr. Brennan on September 25, 2012, at 9:20 a.m., but Mr. Brennan alleges the IR was not delivered to him until May 14, 2014. In either event, the BOP suspended its investigation of Mr. Brennan on September 24, 2012, pending criminal prosecution. He was charged under 18 U.S.C. § 751(a) for attempted escape of a federal prisoner from custody. On January 3, 2014, Mr. Brennan pled guilty. The BOP revived its administrative investigation in May 2014.

---

[2] A federal prisoner is not required to obtain a certificate of appealability to seek review of a district court's denial of a habeas application under § 2241. *Eldridge v. Berkebile*, 791 F.3d 1239, 1241 (10th Cir. 2015).

On May 14, 2014, at 10:20 a.m., a BOP Unit Discipline Committee ("UDC") held a hearing to review Mr. Brennan's charges. UDC hearings typically involve (1) reviewing the charges against an inmate, (2) imposing sanctions for lesser offenses, and (3) deciding whether to refer the inmate to the Disciplinary Hearing Officer ("DHO") for more serious offenses. *See* 28 C.F.R. §§ 541.7, 541.8. At the hearing, Mr. Brennan stated he understood his rights, did not request to present witnesses, and made no comments. At 10:30 a.m., the UDC referred the charges to the DHO for further proceedings. Mr. Brennan was entitled to receive a written copy of the IR 24 hours before the DHO hearing. As noted above, Mr. Brennan alleges he received the IR 22½ hours before the DHO hearing, but the IR itself indicates he received it two years earlier.[3]

The DHO hearing commenced the following day, May 15, 2014, at 9:00 a.m. The DHO's report of the hearing stated the IR was delivered to Mr. Brennan on September 25, 2012. According to the report, at the hearing Mr. Brennan stated he understood his rights, waived his right to staff representation, said he was ready to proceed, did not request to present witnesses, and made only the following comment: "I don't want to make a statement. My criminal case is on appeal." ROA at 18.

Based on the IR, the DHO concluded Mr. Brennan violated BOP Code 102A by attempting to escape. It imposed the following sanctions: segregation for 60 days;

---

[3] Despite this apparent conflict, we assume as true Mr. Brennan's allegation as to when he received the IR.

revocation of 472 days of good-time credit; and loss of phone, visitation, and email privileges for two years.

Mr. Brennan filed an administrative claim with the BOP, which was denied at the regional level. He then appealed to the BOP General Counsel. When the General Counsel failed to timely respond, he filed his § 2241 application in district court.

B. ***Section 2241 Procedural History***

Mr. Brennan's § 2241 application[4] alleged prison officials violated his due process rights by (1) failing to provide the IR to him at least 24 hours before the DHO hearing, (2) failing to provide the IR to him within 24 hours of the attempted escape incident, and (3) providing him the IR only moments before the UDC hearing.

The district court dismissed Mr. Brennan's application under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("HC Rule 4")[5] which

---

[4] Mr. Brennan originally filed a civil complaint raising claims under both § 2241 for revocation of good-time credit and 42 U.S.C. § 1983 for segregation for 60 days and loss of phone, visitation, and email privileges for two years. The district court ordered him to file a habeas corpus form, which he did, but instead of filling out the form, he simply incorporated his original civil complaint. The district court declined to entertain Mr. Brennan's § 1983 claims because he failed to pay the required filing fee for a civil complaint and was ineligible for *in forma pauperis* status as "a three-strikes litigant under 28 U.S.C. § 1915(g)." ROA at 87 n.1. The district court therefore considered only his § 2241 claims. We do the same because Mr. Brennan does not raise on appeal the district court's disposition of his § 1983 claims.

[5] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts states a "district court may apply any or all of these rules to a habeas corpus petition" that is not a 28 U.S.C. § 2254 application. We have upheld the application of these rules to § 2241 applications by federal prisoners. *See Garza v. Davis*, 596 F.3d 1198, 1205 (10th Cir. 2010).

states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The court determined it was plain from the application and the attached exhibits that Mr. Brennan was not entitled to relief.

Specifically, the district court concluded (1) Mr. Brennan failed to show he had exhausted his administrative remedies, and (2) his due process rights were not violated. The court determined any violation of due process caused by the DHO's failure to give Mr. Brennan at least 24 hours to prepare for the DHO hearing was harmless. Further, the court concluded Mr. Brennan had no due process right to receive the IR within 24 hours of the escape incident or to receive the IR before the UDC hearing.

## II. DISCUSSION

On appeal, Mr. Brennan raises the same due process arguments and contends he exhausted his administrative remedies because the BOP General Counsel's office missed its deadline to respond to his appeal. Even if we assume Mr. Brennan exhausted his administrative remedies,[6] we affirm the district court's dismissal because (1) any due

---

[6] We agree with *Kosman v. Kindt*, 39 F.3d 1192 (10th Cir. 1994) (unpublished) that the requirement to exhaust administrative remedies is not jurisdictional. *See* 39 F.3d 1192 n.2 ("The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created and it is not required by statute. . . . Because it is not required by statute, it is not jurisdictional."); *see also United States v. Kwai Fun Wong*, ⸺ U.S. ⸺, 135 S.Ct. 1625 (2015) (stating that "procedural rules . . . cabin a court's power only if Congress has clearly stated as much") (quotations, citations, and brackets omitted); *Santiago-Lugo v. Warden*, 785 F.3d 467, 474-75 (11th Cir. 2015) ("It is no longer the law of this circuit that exhaustion of administrative remedies is a jurisdictional requirement in a § 2241 proceeding.").

process violation regarding the DHO hearing was harmless, and (2) Mr. Brennan's other allegations of BOP regulation violations do not amount to due process violations.

A. *Legal Background/Standard of Review*

"We review the district court's dismissal of a § 2241 habeas petition de novo." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (quotations omitted). As noted above, under HC Rule 4, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

1. **Due Process in Prison Disciplinary Hearings**

An inmate's protected liberty interest such as good-time credit may not be revoked without due process procedural safeguards. *See Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 453-56 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

These procedural safeguards, known as the *Wolff* due process requirements, consist of the following:

> (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in [a prisoner's] defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Hill*, 472 U.S. at 454 (discussing *Wolff*, 418 U.S. at 563-67); *see also Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996). *Wolff* set a minimum time for the advance written notice: "At least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before" a hearing

- 6 -

determining whether to revoke good-time credit. 418 U.S. at 564. Revocation must also be supported by "some evidence in the record." *Hill*, 472 U.S. at 454-57; *see also Mitchell*, 80 F.3d at 1445.[7]

## 2. **Harmlessness of *Wolff* Errors**

We have not addressed whether *Wolff*'s 24-hour due process notice requirement is subject to harmless error review. But we have held *Wolff*'s requirement to allow inmates to call witnesses is. *See Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 813 (10th Cir. 2007) ("[E]rrors made by prison officials in denying witness testimony at official hearings are subject to harmless error review.") (quoting *Grossman v. Bruce*, 447 F.3d 801, 805 (10th Cir. 2006)).

Further, the only other circuit to address this question, the Seventh, did so in an unpublished opinion and concluded the 24-hour notice is subject to harmless error review. *Ard v. Hanks*, 67 F. App'x 946, 949 (7th Cir. 2003) (unpublished) ("The record reveals that in fact he was able to mount a substantial if ultimately ineffective defense involving three witnesses and his own testimony. The jail's failure to provide Ard with 24 hours' advance notice before his hearing was thus harmless error that cannot support

---

[7] Mr. Brennan does not seem to argue in his § 2241 application or on appeal that the DHO's decision was not supported by some evidence in the record. In any case, we agree with the district court that the IR supported the DHO's revocation of good-time credit.

collateral relief.").[8]  Seeing no reason why one *Wolff* requirement would be subject to harmless error review and another would not, we conclude *Wolff*'s 24-hour notice requirement for the advance written notice is subject to harmless error review.

"It is well-established that the burden of proving harmless error is on the government."  *United States v. Holly*, 488 F.3d 1298, 1307-08 (10th Cir. 2007).  "Nevertheless, where the government has failed to assert harmless error, this court may in its discretion initiate harmless error review in an appropriate case."  *Id.* (quotations omitted).  One such appropriate case is "where the certainty of the harmlessness is readily apparent."  *Id.* at 1308.

A DHO's failure to comply with the *Wolff* requirements is harmless when it does not prejudice an inmate's preparation or defense at a hearing.  *See Mendoza v. Tamez*, 451 F. App'x 715, 717 (10th Cir. 2011) (unpublished) ("[E]ven assuming he was entitled to see the documents before the hearing, . . . Mendoza does not explain what he intended to do with the forms, much less how his limited access to them prejudiced his defense.").

B.  *Analysis*

1.  **Any Violation of Mr. Brennan's Due Process Rights Regarding the DHO Hearing Was Harmless**

Mr. Brennan alleged the DHO hearing started 22½ rather than 24 hours after he received the IR, but the record indicates he was not prejudiced.  Mr. Brennan did not call

---

[8] Although this and certain other cases cited in this order and judgment are unpublished and therefore not precedential, we cite them for their persuasive value.  *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1(A).

witnesses or present evidence. The record does not show an extra 1½ hours would have helped his preparation. Further, Mr. Brennan already knew the charges because he had been criminally charged with and pled guilty to attempting to escape from a federal prison and appealed this conviction—all well before the DHO hearing. The DHO's provision of the IR 1½ hours short of the *Wolff* 24-hour requirement was harmless.

2. **Mr. Brennan's Other Allegations Do Not Implicate Due Process**

<u>First</u>, Mr. Brennan's allegation that the BOP failed to provide him the IR within 24 hours of the escape incident may have violated BOP regulations. *See* 28 C.F.R. § 541.5(a) (stating to inmates: "You will ordinarily receive the incident report within 24 hours of staff becoming aware of your involvement in the incident"). But prison regulations are "primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995).

We have decided the BOP's failure to provide an inmate with an IR within 24 hours of an incident does not violate due process. *See e.g.*, *Brown v. Rios*, 196 F. App'x 681, 683 (10th Cir. 2006) (unpublished); *see also Wallace v. Fed. Det. Ctr.*, 528 F. App'x 160, 162-63 (3d Cir. 2013) ("[E]ven if [BOP] regulations were violated, Wallace cannot show that his right to due process was infringed, where *Wolff* does not require issuance of the charge within 24 hours of the incident or a hearing within three days of the alleged conduct, and where any delay did not prejudice him."). The BOP did not violate Mr. Brennan's due process rights by failing to give him the IR within 24 hours of the escape incident.

Second, Mr. Brennan alleges the IR was given to him moments before the UDC hearing. Again, this may have violated BOP regulations, but it did not violate due process. According to BOP regulations, UDC hearings are typically held within five work days after the IR is issued. *See* 28 C.F.R. § 541.7(c). That did not happen here, but there was no due process violation because UDC hearings may not be used to revoke an inmate's good-time credit. *See id.* § 541.7(f) ("If you committed a prohibited act(s), the UDC can impose any of the available sanctions listed in Tables 1 and 2, except loss of good conduct sentence credit, disciplinary segregation, or monetary fines."). Rather, if the UDC determines an inmate's offenses are serious enough that good-time credit could be revoked, the UDC must refer the inmate to the DHO. *See id.* § 541.7(a)(3)-(4).

Unlike DHO hearings, the *Wolff* due process requirements do not apply to UDC hearings. *See Brown*, 196 F. App'x at 683 ("*Wolff* mandates only a twenty-four hour advance notice of a disciplinary hearing and an opportunity to present a defense. It does not require an UDC hearing."). The UDC therefore did not violate Mr. Brennan's due process rights by giving him the IR moments before conducting its hearing.

## III. **CONCLUSION**

For the foregoing reasons, we affirm the district court's dismissal of Mr.

Brennan's § 2241 application.  We grant his motion for leave to proceed *in forma pauperis* on appeal.

ENTERED FOR THE COURT,

Scott M. Matheson, Jr.
Circuit Judge